[L. A. No. 14087.  In Bank.—June 29, 1933.]

LOGAN A. CHILCOTE, Appellant, v. SAN BERNARDINO
COUNTY, Respondent.

H. E. Thompson and Harold King for Appellant.

Stanley Mussell, District Attorney, James L. King, Chief Deputy District Attorney, Ralph E. Swing and Swing & Swing for Respondent.

PRESTON, J.—Ameliorating to some extent the rigor of the common-law rule that a public corporation exercising sovereign power may not be held liable for the torts of its officers and servants, the California legislature in 1923 (Stats. 1923, chap. 328, p. 675) enacted a law permitting such actions against counties, municipalities and school districts, where the injuries complained of resulted from defective conditions in streets, highways, buildings and grounds, where the governing board of such entity had knowledge or notice of such defective condition.

Later, in 1931, the legislature, by section 1714½ of the Civil Code, extended the doctrine by adding other classes thereto and by providing a right of action for damages for injury to person or property, or death, where such damage resulted from the negligent operation of a motor vehicle by an officer, agent or employee of such corporation. So much of the statute as is here involved reads:

"Hereafter . . . every county . . . owning any motor vehicle shall be responsible to every person who sustains any damage by reason of death, or injury to person or property as the result of the negligent operation of any said motor vehicle by an officer, agent, or employee or as the result of the negligent operation of any other motor vehicle by any officer, agent or employee when acting within the scope of his office, agency or employment . . . "

■ It seems clear, when we view these two enactments along with the provisions of related legislation, such as section 1714¼ of the Civil Code, that it was the intention of the legislature to use the word "operation" in its popular and ordinary sense as applied to motor vehicles. That is, to be in operation, the vehicle must be in a "state of being at work" or "in the active exercise of some specific function" by performing work or producing effects at the time and place the injury is inflicted. Moreover, to sustain plaintiff in his contention would be to interpret these two enact-

ments as overlapping. For then in some instances, to fasten liability on the municipality, notice of the defective highway would be required, while in other instances liability would be fixed without notice of any kind.

In the cause before us judgment on the pleadings was given for the defendant and plaintiff has appealed. The basic facts alleged are that plaintiff's minor son, while riding on a motor vehicle on the public highway, leading through the city of San Bernardino to Lake Arrowhead, encountered on the highway large pools of oil, spread over a large area thereof, and as a result of encountering this condition, the minor was thrown from the motor vehicle violently to the ground and received injuries which resulted in his death on the same day. Supplementing these facts are allegations that the condition of the highway was due to the negligent operation of motor oil trucks by servants of said county of San Bernardino. The injury under these allegations was primarily based upon the condition of the highway and, whether or not it was brought about by the negligence of the servants of the county is not the controlling factor in the situation. Therefore, in view of the construction we have placed on the word "operation" in the statute, the complaint fails to state a cause of action.

The judgment is affirmed.

Langdon, J., Curtis, J., Shenk, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.