[Civ. No. 19150.   Second Dist., Div. One.   Sept. 30, 1952.]

ISADOR GREENBERG et al., Appellants, v. COUNTY OF LOS ANGELES, Respondent.

Kenny & Morris for Appellants.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis, Deputy County Counsel, for Respondent.

DORAN, J.—This is an appeal from a judgment based upon an order sustaining respondent's general demurrer to plaintiff's original complaint without leave to amend. The essential allegations of the complaint are that Lena Greenberg died on November 27, 1951, leaving the plaintiff widower and children surviving; that the death was proximately caused by "the negligent operation of a motor vehicle by officers, agents and employees of the defendant county of Los Angeles."

The complaint particularizes the cause of action as follows: "On said day decedent had been stricken with a critical cardiac and diabetic condition. Plaintiffs are informed and believe that Murray Abowitz, M. D., her attending physician, telephoned the Los Angeles General Hospital at or about 9:00 a. m. on said date, and requested that an ambulance be sent to 2519 Palm Grove Avenue, Los Angeles 16, to take decedent with all possible speed to said hospital. An ambulance was dispatched by said hospital and arrived at 2519 Palm Grove Avenue at or about 10:15 a. m. At that time decedent was placed in the ambulance, accompanied by her daughter Claire Bernstein. Plaintiff Bernstein repeated to the ambulance driver and attendant the instructions of Dr. Abowitz that Mrs. Greenberg be driven with all possible speed to the Los Angeles General Hospital. (b) Plaintiffs are informed and believe that it was imperative that decedent be immediately tested for a deficiency or excess of sugar and that if such test had been promptly made the decedent could have been treated accordingly and her life saved. (c) The ambulance driver and attendant refused to carry out the said instructions, and delayed the trip to the hospital for nearly an hour by taking an indirect route and stopping to pick up another patient at 1740 South Hoover. (d) As a result of the delay in taking decedent to the hospital, she lapsed into a coma and died before the ambulance arrived at the Los Angeles County Hospital." The complaint further alleges the filing of a claim with the board of supervisors and the denial thereof, and asks damages "for the loss of her support, society and comfort in the sum of $50,000.00."

Appellants' cause of action is predicated upon section

400 of the Vehicle Code, which provides that "The State, and every county . . . owning any motor vehicle is responsible to every person who sustains any damage by reason of death, or injury to person or property as a result of the negligent operation of any motor vehicle by an officer, agent or employee or as the result of the negligent operation of any other motor vehicle by any officer, agent or employee when acting within the scope of his office, agency or employment; and such person may sue the State, county . . . in any court of competent jurisdiction in this State in the manner provided by law."

It is stated in appellants' brief that "Respondent's agents were under a duty to save decedent's life by so operating their vehicle as to get her to the hospital in time for effective medical attention. Despite the fact that they had been put on notice of this situation, they proceeded to drive the county's ambulance in a meandering indirect route with the result that the delay was responsible for the death."

In the respondent's brief the argument is stressed that "the death of the decedent was in no way caused by the 'negligent operation' of a motor vehicle" within the intent of section 400 of the Vehicle Code. In this connection is cited *Chilcote* v. *San Bernardino County*, 218 Cal. 444 [23 P.2d 748], holding that "it was the intention of the legislature to use the word 'operation' in its popular and ordinary sense as applied to motor vehicles."

In the present case, there is no negligence alleged other than the delay in getting decedent to the hospital. So far as can be judged, the ambulance was driven with all due care, and the delay in question was apparently the result of stopping to pick up another patient. That the needs of such other patient also required consideration can hardly be doubted.

It is true, as respondent's brief points out, that "Negligence of public employees in performing governmental functions will not be imputed to the taxpayers in the absence of a statute imposing such liability," and that such a provision as section 400 of the Vehicle Code should not be extended in effect beyond the ordinary meaning of the language used.

The present complaint contains no language which can reasonably be interpreted as alleging anything ordinarily understood as "negligent operation" of a motor vehicle. And appellants have cited no case either in this state or elsewhere,

containing a holding in support of the present contention. Such being the situation, no error was committed in sustaining a demurrer to the complaint without leave to amend.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.