[Civ. No. 6702.   Fourth Dist.   Oct. 2, 1961.]

GENE A. GOODY, Appellant, v. CITY OF EL CAJON
et al., Respondents.

Robert A. Ward and George Olshausen for Appellant.

McInnis, Focht & Fitzgerald and William T. Fitzgerald for Respondents.

GRIFFIN, P. J.—Plaintiff-appellant Gene A. Goody brought a personal injury action for damages against defendants-respondents city of El Cajon and Earl Irey, alleging that defendant Irey was employed as a police officer in the City of El Cajon Police Department; that plaintiff owned a 1957 Ford pickup truck; that on October 6, 1958, Irey, in the course of his employment, stopped plaintiff while plaintiff was driving his truck on a public street for the use of a loud muffler. He ordered plaintiff from the truck in order to check the sound of the muffler. Irey entered the car and raced the motor in such a careless manner as to cause the car to jolt forward for a distance of about 6 feet, catching plaintiff's arm and dragging him with the truck, causing injury to him.

Defendants city and Irey answered, admitted that an accident had occurred, but denied the general allegations and alleged contributory negligence on the part of plaintiff. The cause was set for jury trial. The pretrial order recited that one of the issues involved was whether plaintiff had complied with the law in reference to filing a verified claim. It was stipulated that although a verified claim was filed with the clerk of the city of El Cajon, no verified claim for damages was presented in writing and *filed* with the officer, as required by Government Code, section 1981. It was then stipulated that for purposes of permitting a motion for judgment in favor of defendant Irey, said motion could be made at that stage of the proceedings instead of at the time of completion of plaintiff's evidence. Counsel for Irey then moved for a nonsuit and judgment was accordingly rendered in his favor on July 13, 1960. On June 30, 1960, in chambers, defendant city objected to the introduction of any evidence against the city of El Cajon and it moved for judgment on the pleadings, and it was stipulated that such objection and motion could be then made with the same force as if made after the jury had been impaneled and the first witness sworn. It was stipulated that Irey had, as alleged in the complaint, entered the vehicle of plaintiff for the purpose of testing the sound of the muffler by accelerating the engine and "that this purpose was not to operate the automobile." The city objected to the introduction of any evidence against it. Respective counsel also stipulated, as we interpret it, that plaintiff filed the required claim against the city; that counsel for plaintiff may amend his complaint during the progress of the trial as to such filing and compliance with the law in respect thereto and that de-

fendant city would not rely, as a defense, on the fact of failure to plead compliance "with claimed section in the complaint."

On this appeal, the city relies upon the court's ruling holding that the action of the officer was not a negligent "operation" of the car within the meaning of Vehicle Code, section 17001, which reads:

"Any public agency owning any motor vehicle is responsible to every person who sustains any damage by reason of death, or injury to person or property as the result of the negligent operation of the motor vehicle by an officer, agent, or employee or as a result of the negligent *operation* of any other motor vehicle by any officer, agent, or employee when acting within the scope of his office, agency, or employment. The injured person may sue the public agency in any court of competent jurisdiction in this State in the manner directed by law." (Italics ours.)

The trial court sustained the objection and granted judgment on the pleadings as to the city of El Cajon on July 13, 1960. On this appeal, it is argued that the officer was not intending to move the automobile or in any sense to operate it, and accordingly that section did not apply. (Citing such authority as *Chilcote* v. *County of San Bernardino* (1933), 218 Cal. 444 [23 P.2d 748].) That case involved liability under Civil Code, former section 1714½ and referred to a car skidding in oil spots or pools on a highway claimed to have been deposited there by the city's motor oil trucks. There is no factual similarity. In that case, no "*operation*" of the county vehicle was presently involved. However, the court, in applying the word "operation," said it must be used in its popular and ordinary sense as applied to motor vehicles, i.e., to be in operation, the vehicle must be in a "state of being at work" or "in the active exercise of some specific function" by performing work or producing effects at the time and place the injury was inflicted. In *Marshall* v. *County of Los Angeles*, 131 Cal.App.2d 812 [281 P.2d 544], it was held to be an "operation" of a truck to tilt its bed and to go rapidly forward and backward to shake out lumber remaining in the bottom of the truck. In *Greenberg* v. *County of Los Angeles*, 113 Cal.App.2d 389 [248 P.2d 75], it was held that delay caused by stopping and picking up another patient did not constitute "negligent operation" of the ambulance. See also *Bright* v. *East Side Mosquito etc. Dist.*, 168 Cal.App.2d 7

[335 P.2d 527]; *Horst* v. *Holtzen,* 249 Iowa 958 [90 N.W.2d 41] (guest statute); 13 A.L.R.2d 378. ██ The purpose of section 17001, *supra,* is to protect the public against negligent operation of vehicles. There is an independent element of danger when the car moves unexpectedly as well as expectedly which would include any working of the motor to move the car. The question of intent is not a determining factor. *Commonwealth* v. *Uski,* 263 Mass. 22 [160 N.E. 305], involved a party claimed to be operating a car under the influence of liquor. He took out his keys, turned on the lights, started the motor and the car moved 4 or 5 feet. Defendant claimed he had not operated the car. Particularly applicable to this case is the ruling on the exclusion of evidence as to what the driver intended to do. He stated he merely intended to turn on his lights and sit there and wait for a friend to drive him home. The court held the question for the jury was what did the defendant do as shown by the evidence, and not what he secretly intended to do with the automobile. In *McDonald* v. *Superior Court,* 43 Cal.2d 621 [275 P.2d 464], involving the operation of a vehicle under Vehicle Code, section 404, our Supreme Court held that the obvious purpose of section 404 is to make amenable to suits in the courts of this state those nonresidents who may incur liability in the operation of vehicles upon the highways of this state. What constitutes operation within the meaning of the statute must be determined in the light of this objective. Many cases are cited on the subject with approval. Under them, "operation" of the car does not necessarily include an intention to move it. (*Commonwealth* v. *Clarke,* 254 Mass. 566 [150 N.E. 829].) ██ Even though counsel for plaintiff stipulated that it was not the officer's purpose to operate the car, this would not preclude a finding of the jury that the officer later negligently or otherwise caused the car to be moved 6 feet and injure plaintiff. The question of whether the officer was "negligently operating" the car at the time of the injury was a factual question for the jury.

It appears that plaintiff has not directed his appeal to the question of the dismissal as to defendant Irey. Probably plaintiff discovered Government Code, section 1981, was applicable. See *Ansell* v. *City of San Diego,* 35 Cal.2d 76 [216 P.2d 455], in reference to filing a verified claim with the officer. All of the argument on this appeal involves the defendant city of El Cajon. We will therefore not further

consider the merits of the appeal involving Irey. The judgment of dismissal as to defendant Irey must be affirmed.

Judgment in favor of defendant Earl Irey affirmed. Judgment in favor of city of El Cajon reversed.

Shepard, J., and Coughlin, J., concurred.