[No. E007556. Fourth Dist., Div. Two. May 15, 1991.]

GERALD P. COLAPINTO et al., Plaintiffs and Appellants, v.
COUNTY OF RIVERSIDE et al., Defendants and Respondents.

## COUNSEL

Herbert C. Schulze for Plaintiffs and Appellants.

Roberts & Morgan, Matthew J. Marnell, Greines, Martin, Stein & Richland, Martin Stein, Timothy T. Coates and Carolyn Oill for Defendants and Respondents.

## OPINION

**DABNEY, Acting P. J.**—Plaintiffs, Gerald P. Colapinto and Eileen V. Colapinto (Colapinto), filed a claim for damages with the County of Riverside alleging that the Riverside County Fire Department inadequately handled a fire resulting in property damage to Colapinto when they "took steps which caused a huge draft into what apparently was merely a smoldering partial combustion then not in flames. The draft which was caused by opening doors wide caused complete combustion and total destruction of the building and contents." The claim was rejected by operation of law.

Colapinto then filed a complaint against the County of Riverside, Riverside County Fire Department and Does 1 through 10 (County) alleging negligence in the manner in which the fire department fought the fire. The complaint stated: "Without making an investigation and without having fire fighting equipment in proper working order, the defendants smashed open a large service entry door. [¶] The large opening caused by the action of defendants caused a great entry of air and oxygen into the building at a time when the fire department was not prepared to fight a major blaze. [¶] Because of the air entering the building the blaze immediately became effectively out of control due to the door being smashed and [because] the Riverside County Fire Department did not have its fire fighting equipment in place, and due to ineptness of Riverside County Fire Department personnel through lack of proper training, experience, or equipment and because of negligence of all defendants." The court sustained County's demurrer to this complaint with leave to amend on the basis County's claim of absolute immunity under Government Code sections 850 and 850.2.

Colapinto filed a first amended complaint for damages on the basis the fire department "so negligently, unlawfully, and improperly operated a motor vehicle so as to destroy a large door and to cause damage to the building and so as to create a fire condition not theretofore existing." County filed a motion for summary judgment on the basis of its immunity under Government Code sections 850.2 and 850.4. The court granted this motion and entered judgment in favor of County, against the complaint of Colapinto. Colapinto appeals from that order.

## FACTS

Riverside County Fire Department responded to a fire at Colapinto's property located in Riverside County. While fighting the fire, the fire department opened a large service entry door to the building using a forklift. The fire destroyed the structure.

## DISCUSSION

Colapinto contends the trial court erred in granting the motion for summary judgment. "Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit . . . .

"The motion shall be supported by affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subds. (a), (b), (c).)

■ "[A]n appellate court examines the facts presented to the trial judge on a summary judgment motion and independently determines their effect as a matter of law. [Citation.] We also conduct independent review of the trial court's determination of questions of law. We are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale. [Citation.]". (*Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1083 [258 Cal.Rptr. 721].)

■ Government Code section 850.2 provides: "Neither a public entity that has undertaken to provide fire protection service, nor an employee of such a public entity, is liable for any injury resulting from the failure to

provide or maintain sufficient personnel, equipment or other fire protection facilities." Government Code section 850.4 states: "Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities or, except as provided in Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code, for any injury caused in fighting fires."

Colapinto argues that under Vehicle Code section 17001 County was liable for the loss of their property despite these immunities. Vehicle Code section 17001 makes a public entity liable for damage to property "proximately caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment."

In the case of *Chilcote* v. *San Bernardino County* (1933) 218 Cal. 444 [23 P.2d 748], the state Supreme Court held that where the injury actually resulted from the condition of the highway (from which the county was immune) and not from the negligent operation of a motor vehicle, the public entity is not liable under the statutory precursor to Vehicle Code section 17001. In that case, the plaintiff's son was involved in an automobile accident when he encountered large pools of oil while driving on the highway. The complaint alleged the oil pools resulted from the negligent operation of motor oil trucks owned by the county. (*Id.*, at p. 446.)

In *Greenberg* v. *County of Los Angeles* (1952) 113 Cal.App.2d 389 [248 P.2d 74], the Court of Appeal held that when the injury resulted from failure to transport a patient to the hospital in a timely manner (from which the county was immune) and not from the negligent operation of a motor vehicle, the county was not liable under Vehicle Code section 400, the precursor to Vehicle Code section 17001. In that case, an ambulance stopped to pick up another patient, after picking up Greenberg. The delay in arriving at the hospital caused by this stop resulted in Greenberg's death. (*Id.*, at pp. 390-391.)

Colapinto was actually asserting that the property loss resulted from the manner the firefighters chose to fight the fire, by opening a large door and other "inept" actions, rather than from the negligent or wrongful operation of a motor vehicle. ■ If a party files an amended complaint and attempts to avoid the defects of the original complaint by either omitting facts which made the previous complaint defective or by adding facts inconsistent with those of previous pleadings, the court may take judicial notice of prior pleadings and may disregard any inconsistent allegations. (*Amid* v. *Hawthorne Community Medical Group, Inc.* (1989) 212 Cal.App.3d 1383, 1390

[261 Cal.Rptr. 240]; *Owens* v. *Kings Supermarket* (1988) 198 Cal.App.3d 379, 383-384 [243 Cal.Rptr. 627].)

■■■■ Looking at Colapinto's previous complaint and claim,[1] the original complaint alleged negligence in the manner in which the firefighters fought the blaze. In the first amended complaint, Colapinto changed the facts to allege that the negligent operation of a motor vehicle resulted in the destruction of the building. The amended complaint does not mention that the motor vehicle was used as a method to fight the fire or explain the manner in which the firefighters fought the fire. This amendment changed the facts and was made solely to avoid the summary judgment; therefore, we may ignore it. (212 Cal.App.3d 1383, 1390; 198 Cal.App.3d 379, 383-384.) Colapinto's argument that the use of the forklift was a concurrent cause of the destruction of the building therefore has no merit.

Furthermore, Government Code section 850.4 and Vehicle Code section 17001 should be interpreted together to reach a logical result and to avoid thwarting the purpose behind these statutes. (*Leslie Salt Co.* v. *San Francisco Bay Conservation etc. Com.* (1984) 153 Cal.App.3d 605, 614 and fn. 12 [200 Cal.Rptr. 575]; *DeYoung* v. *City of San Diego* (1983) 147 Cal.App.3d 11, 17-18 [194 Cal.Rptr. 722].) The recommendation of the California Law Revision Commission relating to sovereign immunity stated, "Except to the extent that public entities are liable under Vehicle Code Sections 17000 to 17004 for the tortious operation of vehicles, public entities and public personnel should not be liable for injuries caused in fighting fires or in maintaining fire protection equipment. There are adequate incentives to careful maintenance of fire equipment without imposing tort liability; and *firemen should not be deterred from any action they may desire to take in combatting fires by a fear that liability might be imposed if a jury believes such action to be unreasonable.* The liability created by the Vehicle Code for tortious operation of emergency fire equipment should be retained, however, *for such liability does not relate to the conduct of the actual firefighting operation.*" (Recommendations Relating to Sovereign Immunity, 4 Cal. Law Revision Com. Rep. (Jan. 1963) pp. 807, 828, italics added.)

The purpose of Vehicle Code section 17001 is to deal with the hazard created by the operation of automobiles upon the streets and highways of the state. (*Heron* v. *Riley* (1930) 209 Cal. 507, 518 [289 P. 160].) Government

---

[1]A complaint is subject to demurrer or judgment on the pleadings if the facts or theory of the complaint are different from those alleged in the original claim filed with the public entity. Under this rule, Colapinto's first amended complaint was subject to dismissal under either of these motions had they been brought on this basis. (*Fall River Joint Unified School Dist.* v. *Superior Court* (1988) 206 Cal.App.3d 431, 434-435 [253 Cal.Rptr. 587]; *Connelly* v. *State of California* (1970) 3 Cal.App.3d 744, 753 [84 Cal.Rptr. 257].)

Code section 850.4 has been construed to apply whenever firefighters are engaged in firefighting activities. (*City and County of San Francisco* v. *Superior Court* (1984) 160 Cal.App.3d 837, 842 [207 Cal.Rptr. 6].) Construed together, Vehicle Code section 17001 does not apply in this case where the motor vehicle was used as a method to fight a fire and not in a negligent manner on the streets and highways.

## DISPOSITION

The judgment is affirmed. Respondents to recover costs on appeal.

Hollenhorst, J., and McDaniel, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.