[No. D020578. Fourth Dist., Div. One. July 24, 1996.]

PAMELA CHAMPION, Plaintiff and Appellant, v.
COUNTY OF SAN DIEGO et al., Defendants and Respondents.

[No. D020588. Fourth Dist., Div. One. July 24, 1996.]

MARK DODD, Plaintiff and Appellant, v.
COUNTY OF SAN DIEGO et al., Defendants and Respondents.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.

**COUNSEL**

Luce, Forward, Hamilton & Scripps and Charles A. Bird for Plaintiffs and Appellants.

Lloyd M. Harmon, Jr., County Counsel, Diane Bardsley, Chief Deputy County Counsel, and Nathan C. Northup, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**BENKE, Acting P. J.**—These consolidated cases arise out of the tragic death of Michael Champion (Michael) and the emotional injury of plaintiff and appellant Mark Dodd, a passenger in Michael's car. Michael was murdered by Johnaton George, a prisoner who had escaped from a county van in which he was being transported. Plaintiff and appellant Pamela Champion (Pamela), Michael's widow, and Dodd separately filed suit against defendants and respondents County of San Diego (County) and certain county employees (collectively the county defendants) as well as George. The trial court entered judgment for the county defendants after sustaining demurrers to the complaints without leave to amend.

The primary question presented on appeal is whether Vehicle Code section 17001, which makes a public entity liable for the death or injury of a person proximately caused by an employee's negligent operation of a motor vehicle, defeats Government Code section 845.8, subdivision (b) immunity provided to public entities and public employees for injury caused by an escaped or escaping prisoner. If both sections apply, Government Code section 845.8 does not provide immunity to public entities. (*Thomas* v. *City of Richmond* (1995) 9 Cal.4th 1154, 1165 [40 Cal.Rptr.2d 442, 892 P.2d 1185] (*Thomas*).) However, failure to adequately restrain and supervise a prisoner during transport does not constitute negligent operation of a vehicle within the meaning of Vehicle Code section 17001. (*Ladd* v. *County of San Mateo* (1996) 12 Cal.4th 913, 925 [50 Cal.Rptr.2d 309, 911 P.2d 496] (*Ladd*).) The claims presented here rest entirely upon the county defendants' alleged failure to adequately train personnel and to restrain and supervise George. We therefore affirm the judgment.

### BACKGROUND[2]

George was a known and dangerous convicted felon with a history of violent robberies and rapes who had previously committed numerous escapes from both state and federal custody. On October 5, 1992, County was transporting George from the East County jail to the Metropolitan Correctional Center. The county defendants had been repeatedly warned of

---

[2]We accept as true all allegations properly pleaded and base our factual statements on those allegations. (See *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

George's dangerous escape tendencies and his continued intention to escape custody whenever possible. George was 34 years old. He stood six feet tall and weighed two hundred and forty pounds. George was being transported by Lydia Werner, a 58-year-old female deputy sheriff who weighed 125 pounds. George utilized handcuff keys from the correctional center to escape from the County vehicle in downtown San Diego. Werner pursued George and engaged him in a physical confrontation in which George obtained her firearm. Werner failed to radio in the escape, preventing immediate police response.

At the time of the escape, Michael was driving nearby in a 1989 Honda Civic. George confronted Michael and his passenger Dodd and attempted to commandeer the vehicle. George shot and killed Michael with Werner's firearm. George escaped in the Honda.

Pamela and Dodd filed timely administrative claims with County which were denied. They filed separate complaints naming County, Sheriff James Roache, Werner and George. Both complaints set forth causes of action against one or more of the county defendants for intentional and negligent infliction of emotional distress, violation of civil rights under federal law and negligence in the handling of a firearm.[3] Pamela's complaint additionally sets forth a wrongful death cause of action.

The county defendants demurred to both complaints. The court sustained the demurrers without leave to amend, finding plaintiffs could not state a cause of action for injuries arising out of the conduct of an escaped prisoner because of the immunity provided by Government Code section 845.8. The court further found plaintiffs could not state a civil rights cause of action where there was no affirmative duty of care and there was no deprivation of a constitutional right by an agent of the state.

Plaintiffs appealed from the order sustaining the demurrers and directing entry of judgment. This court directed plaintiffs to obtain a judgment, which was promptly done. Plaintiffs appeal from the judgment as to the negligent infliction of emotional distress, wrongful death and negligent handling of a firearm causes of action.[4]

---

[3]Dodd failed to name any county defendants in his cause of action for negligent use of a firearm while Pamela named only Werner. These apparent oversights could have been corrected by amendment had the sustaining of the demurrers been in error.

The cause of action for negligent handling of a firearm is discussed in the unpublished part III of this opinion.

[4]Plaintiffs do not present any argument why sustaining the demurrer was in error as to the intentional infliction of emotional distress causes of action or as to the federal civil rights

DISCUSSION

I

*Standard of Review*

■ Our review of an order sustaining a demurrer is governed by well-established rules as stated in *Blank* v. *Kirwan, supra,* 39 Cal.3d at page 318: " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." We review de novo the undisputed facts as alleged to determine the application of the statutes. (*Rudd* v. *California Casualty Gen. Ins. Co.* (1990) 219 Cal.App.3d 948, 951 [268 Cal.Rptr. 624].)

II

*Liability Under Vehicle Code Section 17001 and Immunity Under Government Code Section 845.8*

■ Tort liability for public entities in California is governed by statute. (*Thomas, supra,* 9 Cal.4th at p. 1157.) Unless "otherwise" provided by statute, a public entity is not liable for an injury. (Gov. Code § 815; *Thomas, supra,* 9 Cal.4th at p. 1157.) Government Code section 810 et seq. generally defines liabilities and immunities of public entities and their employees but other statutory sources exist, including Vehicle Code section 17001. (*Thomas, supra,* 9 Cal.4th at p. 1157.)

■ Under Vehicle Code section 17001,[5] a public entity is liable for death or injury to a person proximately caused by a public employee's negligent operation of a motor vehicle. Under Government Code section

---

causes of action. As to the civil rights causes of action, they state only that the remittitur should not preclude amendment if grounds are discovered to add such a cause of action. Because we affirm the judgment, future amendment to add causes of action is not in issue.

[5]Vehicle Code section 17001 provides: "A public entity is liable for death or injury to person or property proximately caused by a negligent or wrongful act or omission in the

845.8, subdivision (b),[6] neither a public entity nor a public employee is liable for any injury caused by an escaped or escaping prisoner or arrested person or a person resisting arrest. The application of the two statutes was addressed in *Thomas, supra,* 9 Cal.4th 1154, in which two police vehicles were pursuing a fleeing suspect. One of the vehicles hit the suspect, rendering him a quadriplegic. (*Id.* at p. 1156.) The court held that where both statutes applied, liability under Vehicle Code section 17001 prevailed over immunity under Government Code section 845.8. (9 Cal.4th at p. 1165.)

The Supreme Court in *Ladd, supra,* 12 Cal.4th 913, recently addressed whether failure to adequately supervise and restrain a prisoner during transport constituted negligence in the operation of a vehicle.[7] In *Ladd,* two San Mateo County juvenile hall employees were transporting Ladd, a juvenile detainee, in a county automobile. Ladd was handcuffed with her hands in front of her and was riding in the backseat. The employees were riding in the front seat. When the automobile stopped for a traffic signal, Ladd jumped out and attempted to climb aboard a slow-moving freight train. She fell beneath the wheels of the train and lost both legs. (*Id.* at pp. 916-917.)

Ladd sued San Mateo County and the employees responsible for transporting her, alleging the county was negligent in failing to adequately train and supervise its employees and in failing to provide adequate equipment and a secure vehicle. She further alleged the employees were negligent in failing to properly restrain her. The superior court granted summary judgment on the basis the defendants were immune from liability under Government Code section 845.8, which decision was affirmed by the Court of Appeal. (*Ladd, supra,* 12 Cal.4th at p. 917.)

The Supreme Court rejected Ladd's argument that the Government Code did not provide immunity because the defendants were liable under Vehicle Code section 17001 for injury caused by a county employee's negligence in the operation of a motor vehicle. The court held Vehicle Code section 17001 did not apply. (*Ladd, supra,* 12 Cal.4th at pp. 923, 925.) As stated by the court: "The alleged negligence of the county and its employees in failing to provide a secure vehicle, in failing adequately to restrain plaintiff with devices such as a waist chain or leg chains or to handcuff plaintiff's hands

operation of any motor vehicle by an employee of the public entity acting within the scope of his employment."

[6]Government Code section 845.8 in pertinent part provides: "Neither a public entity nor a public employee is liable for: [¶] . . . [¶](b) Any injury caused by: [¶](1) An escaping or escaped prisoner; [¶](2) An escaping or escaped arrested person; or [¶](3) A person resisting arrest."

[7] *Ladd* was decided after the initial submission of this case. We vacated the submission and requested the parties to submit briefs on *Ladd's* applicability.

behind her, and in failing to have one of the county employees sit in the backseat with plaintiff to prevent her from escaping, does not constitute negligent or wrongful conduct or omissions in the operation of a motor vehicle within the meaning of Vehicle Code section 17001. For that statute to apply, it is not sufficient that a motor vehicle somehow be involved in the series of events that results in the injury. The injury must be proximately caused by the negligent 'operation of a motor vehicle.' " (*Id.* at p. 923.)[8] The court concluded Vehicle Code section 17001 did not apply and reasoned Ladd had not alleged that the defendants drove or otherwise operated the vehicle in a negligent fashion but rather she had alleged that the defendants negligently failed to provide a secure vehicle or to properly restrain and supervise her. (12 Cal.4th at p. 923.)

In making her argument, Ladd had relied upon *Duarte* v. *City of San Jose* (1980) 100 Cal.App.3d 648 [161 Cal.Rptr. 140] (*Duarte*), in which a driving under the influence suspect was left in the backseat of a police vehicle. The suspect took the police vehicle and during a high-speed chase struck the plaintiff. The Court of Appeal held that Vehicle Code section 17001 applied and reasoned that the action of the law enforcement officers in leaving the unrestrained, unattended suspect in a police vehicle with the motor running constituted operation of the vehicle within the meaning of the statute. The Supreme Court in *Ladd* disapproved *Duarte* to the extent it could be read "to hold that the failure adequately to restrain a person who is in custody and being transported in a motor vehicle constitutes, in itself, negligent operation of the motor vehicle within the meaning of Vehicle Code section 17001." (*Ladd, supra,* 12 Cal.4th at pp. 925-926.)

Here, plaintiffs argue *Ladd* is not controlling because unlike the plaintiff in *Ladd* they have alleged County drove and otherwise operated the vehicle in a negligent fashion. That is, they have alleged that county personnel loaded the van unsafely and failed to inform the driver of the danger and that Werner drove unsafely by failing to inspect and ensure the safety of the

---

[8]When a plaintiff claims an injury arises out of the negligent operation of a motor vehicle, he or she must establish a causal connection between the operation of the vehicle and the injuries suffered. (*Mounts* v. *Uyeda* (1991) 227 Cal.App.3d 111, 119 [277 Cal.Rptr. 730].) Courts have long denied liability where the operation of the vehicle was not the proximate cause of the injuries. (See, e.g., *Chilcote* v. *San Bernardino County* (1933) 218 Cal. 444, 446 [23 P.2d 748] [injury primarily caused by the condition of the highway and whether or not the condition was brought about by the negligence of county employees was not controlling]; *Greenberg* v. *County of Los Angeles* (1952) 113 Cal.App.2d 389, 391 [248 P.2d 74] [death caused by ambulance delay in getting decedent to the hospital, not negligent operation]; *Colapinto* v. *County of Riverside* (1991) 230 Cal.App.3d 147, 152 [281 Cal.Rptr. 191] [injury caused by negligence in how a fire was fought, not in how motor vehicle was operated].)

cargo. They argue County violated the Vehicle Code by operating the van in an unsafe manner. (See Veh. Code, § 24002, subd. (a).) They further argue the Supreme Court disapproved *Duarte* only to the extent it held that failure to restrain a prisoner "in itself" constitutes negligent operation of a motor vehicle. Because they alleged or could allege additional acts of negligence in the operation of the motor vehicle,[9] plaintiffs contend they have stated a cause of action.

We disagree. Review of the complaints and plaintiffs' argument demonstrates there are no allegations of negligence in operating the van as it is commonly understood. There are no allegations the van was being driven in an erratic manner or that the manner of driving the van caused any highway hazard which injured plaintiffs. Rather, the entire thrust of the negligence alleged is failure to properly train county personnel and failure to secure and supervise George, leading to his escape.[10] Plaintiffs' inventive characterization of the lack of security and supervision as "negligent loading" and George as cargo that "exploded," cannot change the fact the injuries occurred because George *escaped* from the van, not because the van was improperly loaded or because the vehicle was driven in an unsafe manner.

---

[9]Plaintiffs contend they have or could allege that County (1) knew George created a hazard to the public while being transported, (2) failed to take reasonable steps to cope with the hazard and (3) deprived Werner of knowledge necessary to drive the van safely. They contend they have or could allege Werner operated the vehicle on a public street in a continuously dangerous condition.

[10]The complaints allege George, a dangerous felon with an escape history, was being transported in a county van by a lone female deputy who was older and smaller than George. George utilized a handcuff key to escape from the van and overpowered the deputy when she pursued him, taking her gun. George used the weapon to shoot Michael and commandeer his car.

The complaints further allege the county defendants had a duty to exercise reasonable care in composing and promulgating requirements on hiring, employing, training, supervising and retaining employees who would be permitted to enforce policy and procedures regarding the custody, transportation and control of prisoners. Plaintiffs allege defendants were negligent in failing to act with ordinary care in composing and promulgating such regulations and in failing to act with ordinary care in hiring, training, supervising or controlling Werner. Additionally, they allege defendants had prior notice of George's dangerous and violent propensities, yet failed to properly prevent his predictable escape.

The failures are alleged to have included: failing to properly train defendants in applicable California law, department regulations and procedures; failing to implement adequate policies and procedures to safely transport prisoners; failing to heed warnings on the ability of a prisoner to escape; providing inadequate security; allowing George to possess a handcuff key from police personnel; failing to treat George as an extreme risk; failing to assign multiple deputies to George's transfer; failing to adequately restrict George's movements by handcuffs and coyote chains; and failing to prevent George from harming those whom defendants put at risk.

The circumstances presented here are simply another variation of the circumstances which *Ladd* held do not constitute negligent operation of a motor vehicle within the meaning of Vehicle Code section 17001.[11]

### III

*Cause of Action for Negligent Handling of Firearm*[*]

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### DISPOSITION

The judgment is affirmed; each party to bear their own costs.

Huffman, J., and Nares, J., concurred.

A petition for a rehearing was denied August 13, 1996, and the opinion was modified to read as printed above. The petition of all appellants for review by the Supreme Court was denied October 23, 1996. Mosk, J., was of the opinion that the petition should be granted.

---

[11]In their opening brief, plaintiffs argue the Legislature distinguished between "restraining prisoners for transportation and restraining them in jails." They imply the Legislature intended Vehicle Code section 17001 to apply in all cases where a prisoner escapes during transport and Government Code section 845.8 to apply only when a prisoner escapes a stationary facility.

The immunity provided by Government Code section 845.8, subdivision (b), is absolute in terms and must be given effect unless it is clear the language used was contrary to the Legislature's intent. (*County of Sacramento* v. *Superior Court* (1972) 8 Cal.3d 479, 482 [105 Cal.Rptr. 374, 503 P.2d 1382].) Plaintiffs direct our attention to nothing in the wording of the sections or in legislative history that would support their interpretation. The transportation of prisoners is a common occurrence. Had the Legislature intended public liability for prisoners escaping during transport, it would have specifically done so. Moreover, the Supreme Court decision in *Ladd* makes it clear that Government Code section 845.8 applies when prisoners escape while being transported.

[*]See footnote 1, *ante*, page 972.