Filed 9/30/20  Dhillon v. Minero CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RANDEEP S. DHILLON,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>RAMIRO MINERO et al.,<br><br>Defendants and Respondents. | F077454<br><br>(Super. Ct. No. BCV-16-100564)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Stephen D. Schuett, Judge.

M.D. Peterson Law Group and Michael D. Peterson for Plaintiff and Appellant.

Darling & Wilson and Joshua G. Wilson for Defendants and Respondents.

-ooOoo-

Plaintiff, Randeep S. Dhillon, appeals from a judgment entered by the trial court in favor of defendants, Ramiro Minero and Emerita Minero, after the court granted defendants' motion for judgment on the pleadings without leave to amend.  Plaintiff argues the trial court erred in granting the motion because, according to plaintiff, a cause of action for an accounting was adequately stated.  Defendants respond that the trial court's ruling was correct because the accounting cause of action was barred by a

settlement agreement between the parties and by the rules against sham pleading. We conclude that defendants' position is correct. Accordingly, the judgment of the trial court is affirmed.

## FACTS AND PROCEDURAL HISTORY

### *The Second Amended Complaint*

The operative pleading for purposes of the instant appeal is plaintiff's second amended complaint, filed on August 29, 2016. In that pleading, plaintiff alleged that in November 2005, he and his wife, K. Sidhu, entered into an agreement with defendants to purchase a 15-acre parcel of land from defendants located in the County of Kern. The purchase price for the 15-acre parcel was $500,000, memorialized by a promissory note executed by plaintiff and Sidhu, under the terms of which plaintiff and Sidhu were to make monthly payments of $3,325 to defendants. The promissory note was secured by a deed of trust.

Additionally, in December 2005, plaintiff and Sidhu entered into an agreement to purchase a second parcel of land from defendants, also in the County of Kern. The second parcel contained a single-family residence where plaintiff and Sidhu intended to live. The purchase price of the second parcel was $1,000,000, of which $100,000 was paid as a down payment, $800,000 was financed through a bank loan, and the remaining $100,000 was seller financed by defendants. These loans were also secured by deeds of trust.

As a result of the above transactions, plaintiff and Sidhu allegedly owed defendants $100,000 in principal on the purchase of the single-family home, and $500,000 in principal on the purchase of the 15-acre parcel. Between June and September of 2006, plaintiff and Sidhu allegedly paid off the entire $100,000 owed for the single-family home. A reconveyance of the deed of trust on the single-family home was eventually recorded. Allegedly, this left only the principal amount of $500,000 that was due to defendants on the purchase of the 15-acre parcel.

2.

In May of 2007, plaintiff and Sidhu refinanced their $800,000 bank loan concerning the parcel with the single-family home. In doing so, plaintiff paid $400,000 to defendants at the close of the refinance escrow, which sum was to go toward the amount plaintiff still owed on the 15-acre parcel. However, for reasons that are not clear, at the close of the refinance escrow plaintiff and Sidhu executed a new deed of trust in favor of defendants, securing the amount of $600,000. The $600,000 figure was apparently a reiteration of the total amounts originally secured by trust deeds in favor of defendants in the initial purchases of the two parcels. However, the $600,000 figure set forth in the new deed of trust to defendants was allegedly incorrect because it failed to account for the fact that plaintiff and Sidhu had paid defendants $100,000 for the single-family home and had paid defendants $400,000 toward the principal indebtedness of $500,000 on the 15-acre parcel.

Allegedly, at the close of the 2007 refinance escrow, plaintiff and Sidhu should only have owed defendants the principal sum of $100,000 regarding the 15-acre parcel. However, since that time, plaintiff and Sidhu have paid to defendants more than $250,000. Moreover, defendants have failed and refused plaintiff's repeated requests that they provide monthly statements or year-end tax statements or other accounting documents to clarify that the balance due has "long since been paid."

In 2016, defendants sent notices claiming that plaintiff and Sidhu were in default on the original $500,000 promissory note regarding the purchase of the 15-acre parcel. According to the notices, the amount of $63,653.65 was required to reinstate the $500,000 promissory note, and the total amount of $391,528.41 was required to pay off the $500,000 promissory note. In response, plaintiff allegedly provided defendants with documentation showing that plaintiff and Sidhu had previously paid off all the monies owed to defendants. On that basis, plaintiff demanded that defendants not carry out the threatened foreclosure. On July 15, 2016, the 15-acre parcel proceeded to a foreclosure sale at which defendants re-acquired the property.

3.

Based on the above allegations, plaintiff's second amended complaint set forth nine purported causes of action:  (1) Wrongful Foreclosure; (2) Civil Extortion; (3) Concealment; (4) Breach of the Implied Covenant of Good Faith and Fair Dealing; (5) Cancellation of Deed; (6) Quiet Title; (7) Constructive Trust; (8) Declaratory Relief; and (9) Accounting.

***Defendants' Demurrer to First Through Eighth Causes of Action***

On October 3, 2016, defendants filed a general demurrer challenging all the causes of action in the second amended complaint, except the ninth cause of action for accounting.  The demurrer was made on the ground that plaintiff failed to state facts sufficient to state any of the challenged causes of action.  The reasons argued in support of the demurrer included, among others, that (i) plaintiff had transferred the property and was no longer owner thereof at the time of the foreclosure; (ii) the causes of action were barred by the parties' settlement agreement; and (iii) certain key allegations were inconsistent with earlier pleadings and, as such, were improper sham allegations.

A hearing was held on defendants' demurrer on November 3, 2016.  On January 13, 2017, the trial court issued its written order sustaining the demurrer without leave to amend.  The order stated:  "DEFENDANTS' GENERAL DEMURRER TO THE SECOND AMENDED COMPLAINT, INCLUDING THE FIRST THROUGH EIGHTH CAUSES OF ACTION IS SUSTAINED WITHOUT LEAVE TO AMEND …."

***Motion for Judgment on the Pleadings***

Following the ruling on the demurrer, only the ninth cause of action for accounting remained in the second amended complaint.  On December 5, 2017, defendants filed a motion for judgment on the pleadings attacking the ninth cause of action.  In their motion, defendants argued that plaintiff failed to state a cause of action for an accounting because, among other things, the parties' settlement agreement entered into in July 2012 (the 2012 settlement agreement), a copy of which was attached to an earlier version of plaintiff's complaint, reflected that plaintiff's obligation under the promissory note and

4.

deed of trust concerning the 15-acre parcel remained in full force and effect at that time in the amount of $450,000. Thus, according to defendants' motion, the underlying factual basis for plaintiff's purported need for an accounting—i.e., that plaintiff had actually paid off the entire obligation—was clearly without merit based on the 2012 settlement agreement. Additionally, defendants argued that in addition to the facts acknowledged in the 2012 settlement agreement, other key allegations in the second amended complaint were inconsistent with allegations set forth in earlier versions of plaintiff's pleading, and thus the doctrine of sham pleading should definitely be applied. Defendants argued that under that doctrine, the ninth cause of action fails to state a viable claim.

The hearing on defendants' motion for judgment on the pleadings was held on January 10, 2018. At the hearing, after oral argument was completed, the trial court granted the motion, explaining as follows: "It appears to me that the settlement agreement in 2012 would be a complete bar of the accounting action. So the motion will be granted without leave to amend."

The trial court's written order granting the motion for judgment on the pleadings was filed on February 15, 2018. The trial court granted the motion as to the ninth cause of action without leave to amend. The order further explained that a final judgment was being entered: "Since Defendants' Demurrer to the [second amended complaint] as to the First through Eighth Causes of Action was sustained without leave to amend, … and since Defendants' Motion for Judgment on the Pleadings was granted without leave to amend, judgment is hereby entered in favor of Defendants …." A notice of entry of judgment was filed on February 26, 2018.

Plaintiff's timely notice of appeal followed.

## DISCUSSION

### I. Standard of Review

"On appeal, we review the trial court's decision to grant or deny a motion for judgment on the pleadings under the same standard of review as the decision to sustain or overrule a demurrer. [Citation.] Our standard of review is de novo, i.e., we exercise our independent judgment about whether, assuming the truth of the pleadings, the complaint states a cause of action." (*McCutchen v. City of Montclair* (1999) 73 Cal.App.4th 1138, 1144.) Our review includes the properly alleged facts set forth in the pleading and matters that may be judicially noticed. (*Dunn v. County of Santa Barbara* (2006) 135 Cal.App.4th 1281, 1298; *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 999.)

### II. Dismissal of First Through Eighth Causes of Action Not at Issue

On appeal, plaintiff argues the trial court erred solely because "[t]his case is a perfect example of where an accounting is appropriate." In other words, the present appeal challenges only the trial court's ruling on the ninth cause of action for an accounting, but it does not contend the trial court erred in sustaining demurrer to the first through eighth causes of action without leave to amend. Accordingly, as explained below, the first through eighth causes of action are abandoned for lack of any substantive argument on appeal indicating that the trial court erred in dismissing them.

The judgment or order of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Therefore, an appellant is required to affirmatively show error, which must be demonstrated by meaningful legal analysis supported by citations to authority and to the record. (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457.) Although our review of an order sustaining demurrer or granting judgment on pleadings is de novo, that review " 'is limited to issues which have been adequately raised and supported in [appellants' opening] brief.' " (*WA Southwest 2, LLC v. First American Title Ins. Co.* (2015) 240 Cal.App.4th 148, 155, bracketed words

6.

in original.)  Issues not raised by adequate legal argument in an appellant's brief are deemed forfeited, waived or abandoned.  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956; *State Water Resources Control Bd. Cases* (2006) 136 Cal.App.4th 674, 836.)  Accordingly, where a plaintiff appeals from an order sustaining demurrer to a complaint but fails to argue, in his appellant's brief, that any error occurred with respect to the court's ruling on certain of the causes of action, we treat those causes of action as abandoned.  (*McGettigan v. Bay Area Rapid Transit Dist.* (1997) 57 Cal.App.4th 1011, 1016 & fn. 4; accord, *Multani v. Witkin & Neal*, *supra*, 215 Cal.App.4th 1428, 1457–1458; see also *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 [applying same rule in summary adjudication context].)  That is precisely the situation before us, where plaintiff did not challenge the trial court's ruling on the first through eighth causes of action.  Therefore, plaintiff has forfeited any contentions of error regarding those causes of action and has abandoned them.

For these reasons, our review is limited to plaintiff's arguments relating to the ninth cause of action for an accounting.

### III.  No Accounting Cause of Action Stated

"An action for an accounting may be brought to compel the defendant to account to the plaintiff for money or property (1) where a fiduciary relationship exists between the parties, or (2) where, even though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." (*Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 910, citing 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 819, p. 236.)  "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." (*Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179.)

Plaintiff's ninth cause of action alleged that "on numerous occasions prior to the trustee's foreclosure sale of the subject property (15 acre parcel of vacant land), [plaintiff] requested that [defendants] provide him with a full and complete accounting … so that [plaintiff] could determine *whether or not he had paid [defendants] the full balance of the subject Installment Note*." (Italics added.) Allegedly, defendants refused plaintiff's requests for such an accounting. Further, plaintiff is allegedly "in need of an accounting" in order to determine "the proper credits that [plaintiff] should be entitled to receive for the payments that [he] and Sidhu paid to [defendants]" under the note.

As noted, the trial court granted defendants' motion for judgment on the pleadings as to the ninth cause of action, without leave to amend, on the ground that the cause of action was barred by the 2012 settlement agreement. The 2012 settlement agreement was referenced in, and attached as an exhibit to, plaintiff's original verified complaint. It was omitted from plaintiff's second amended complaint, without explanation. As we explain below, the trial court properly considered and relied on the 2012 settlement agreement in connection with the motion for judgment on the pleadings, and we may do the same in our review of the court's ruling.

In considering whether a complaint states a cause of action, courts may consider an exhibit attached to the complaint. (*Satten v. Webb* (2002) 99 Cal.App.4th 365, 374–375; *Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627.) "Under the doctrine of truthful pleading, the courts 'will not close their eyes to situations where a complaint contains allegations of fact inconsistent with attached documents, or allegations contrary to facts which are judicially noticed.' [Citation.]" (*Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400.) Generally speaking, allegations in a complaint must yield to contrary recitals of fact contained in an exhibit attached to a complaint. (*Foxen v. Carpenter* (2016) 6 Cal.App.5th 284, 295; *Vallejo Development Co. v. Beck Development Co.* (1994) 24 Cal.App.4th 929, 946.)

Moreover, where facts alleged in a complaint render a cause of action deficient—including facts contained in an attached exhibit—and such matters are omitted from a subsequent amendment to the complaint, the pleader is required to provide an adequate explanation for the omission. If no satisfactory explanation is provided, and the amended complaint is challenged by way of demurrer or motion for judgment on the pleadings, the court may take judicial notice of the original complaint and any exhibit thereto, and may disregard any inconsistent allegations in the amended complaint. (See *Vallejo Development Co. v. Beck Development Co*., *supra*, 24 Cal.App.4th at p. 946; *Colapinto v. County of Riverside* (1991) 230 Cal.App.3d 147, 151; *Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 384 [where factual inconsistency with earlier pleading is not explained, courts may read material alleged in earlier pleading into the amended complaint]; see also *Hills Trans. Co. v. Southwest Forest Industries, Inc*. (1968) 266 Cal.App.2d 702, 713 [a pleader may not attempt to breathe life into a complaint by omitting relevant facts which made his previous complaint defective].) These rules are based on the strong judicial policy of preventing sham pleading (*Owens v. Kings Supermarket*, *supra*, 198 Cal.App.3d at p. 384), and are known as the sham pleading doctrine. (*Smyth v. Berman* (2019) 31 Cal.App.5th 183, 195.)

Here, because the 2012 settlement agreement was attached as an exhibit to plaintiff's original verified complaint, and the second amended complaint omitted that crucial exhibit without explanation and pleads inconsistent factual allegations, we agree with defendants that the sham pleading doctrine applies here. We therefore will consider the 2012 settlement agreement, as the trial court did, in connection with our review of the trial court's ruling that plaintiff failed to state a cause of action for accounting.

The 2012 settlement agreement between the parties hereto discloses, in its factual recitals, the status of plaintiff's indebtedness to defendants arising from the purchases by plaintiff and Sidhu of the two parcels of land. The factual recitals did not overlook the 2007 refinance, but expressly acknowledged that, as part of the refinance, defendants

9.

were paid $400,000 by plaintiff. Nonetheless, the 2012 settlement agreement recites as an accepted fact that, in a 2010 modification agreement, the parties agreed there was a principal balance remaining of $450,000 with respect to the new trust deed given by plaintiff to defendants at the time of the refinance. Other factual recitals include that plaintiff "made no payments on any Deed of Trust or Promissory Note to [defendants] for at least eighteen months" and that plaintiff was presently "delinquent on payment of the real property taxes" by $51,066.37 on one of the parcels. Finally, it was noted that plaintiff, after unsuccessfully seeking bankruptcy protection, filed a lawsuit against defendants in 2011 for causes of action that included quiet title and injunctive relief; defendants denied all the allegations in that lawsuit. In settlement of their dispute, the parties agreed in the 2012 settlement agreement that plaintiff would pay $50,000 by an immediate wire transfer, and after that was done, the balance due on the promissory note and deed of trust was agreed to be $400,000, payable in monthly payments of $3,500, with a balance due in a balloon payment in five years. Finally, plaintiff released and forever discharged defendants "from any and all claims and demands … and from any and all damages … actions or causes of action, either at law or in equity, [plaintiff] now [has] against [defendants] …whether or not the same be now existent or known or whether it later develops or becomes existent or known in the future … by reason of any matter or thing … in any way connected with or arising out of or which may hereafter be claimed to arise out of all or any part of the parties' relationship with each other occurring at any time prior hereto." The release included plaintiff's express waiver under section 1542 of the Civil Code of any unknown claims.

As should be apparent from the above summary, the 2012 settlement agreement clearly demonstrates the trial court correctly held that plaintiff failed to state a cause of action. This is so for two reasons. The first reason is the application of the sham pleading doctrine. In the second amended complaint, the underlying factual basis for seeking an accounting is that allegedly, as a result of the 2007 refinance, plaintiff and

10.

Sidhu were then on the verge of paying off all of their indebtedness to defendants (i.e., only $100,000 in principal remaining), and in fact did pay off the indebtedness in the succeeding years and even overpaid—but allegedly an accounting is needed to ascertain the precise amount that he and Sidhu overpaid. However, such allegations simply cannot be squared with the unequivocal recitals of fact in the 2012 settlement agreement, whereby the parties agreed that even considering the $400,000 paid to defendants in the 2007 refinance escrow, there was still $450,000 owing at the time of the 2012 settlement agreement, along with a need to pay delinquent real property taxes. Under the sham pleading doctrine discussed above, we accept as true the allegations of fact contained in the 2012 settlement agreement attached as an exhibit to plaintiff's original verified complaint, and we disregard the inconsistent allegations in the second amended complaint. Thus, by virtue of application of the sham pleading doctrine, plaintiff's cause of action fails.[1]

The second reason the 2012 settlement agreement demonstrates that plaintiff cannot state a cause of action is the legal effect of the *release* of all claims and causes of action, including equitable claims, between the parties relating to any and all aspects of the parties' relationship through the time of the 2012 settlement agreement. Since the critical foundational facts of the accounting claim related to matters preceding the 2012 settlement, the release extinguishes that claim. "A written release generally extinguishes any obligation covered by its terms, provided it has not been obtained by fraud, deception, misrepresentation, duress or undue influence." (*Tarpy v. County of San Diego* (2003) 110 Cal.App.4th 267, 276; see also Civ. Code, § 1541.)

---

[1] Additionally, plaintiff's original complaint had alleged that, in January 2016, plaintiff "negotiated," and "agreed for the sale" of defendants' promissory note to a third party (i.e., D. Kumar) for $250,000. As defendants point out, if defendants' promissory note had a market value $250,000 in 2016, as reflected by such allegations, the second amended complaint's subsequent allegations that the note was actually fully paid off were inconsistent and may be disregarded under the sham pleading doctrine.

11.

In his appeal, plaintiff refers to the fact that approximately 13 loan payments were made after the 2012 settlement agreement, and he argues that perhaps these constituted overpayments. The argument is to no avail. As defendants have correctly observed, such payments—which appear to total approximately $46,000—do not show that plaintiff potentially paid off the entire indebtedness. Plaintiff also makes a conclusory assertion that "any overpayments made after the [2012] settlement agreement were fraudulently concealed …." This bare assertion likewise fails to support a cause of action because specific facts are required to allege fraud and no factual basis for fraud or concealment was or is presented; nor has plaintiff alleged any plausible or conceivable factual ground for characterizing the above described payments as "overpayments" in light of the facts recited in the 2012 settlement agreement.

For the above reasons, we conclude the trial court correctly granted the motion for judgment on the pleadings of the ninth cause of action. Furthermore, because plaintiff has failed to present any potential basis for leave to amend, we conclude that leave to amend was properly denied. In light of these conclusions, it is unnecessary to consider the additional arguments offered by defendants for affirming the trial court's judgment, such as plaintiff's alleged lack of standing.

## IV. Defendants' Sanctions Request

Defendants filed a motion requesting that this court sanction plaintiff for filing a frivolous appeal. We shall deny the request.

"When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." (Code Civ. Proc., § 907.) Such damages may include recovery of attorney fees in having to defend the frivolous appeal. (*Millennium Corporate Solutions v. Peckinpaugh* (2005) 126 Cal.App.4th 352, 362.) An appeal may be deemed frivolous when (1) under a subjective standard, it is prosecuted for improper motives of harassment or delay, *or* (2) under an objective standard, it indisputably has no merit because any reasonable

12.

attorney would agree that the appeal is totally and completely without merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649–650; accord, *Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 192; *In re Marriage of Schnabel* (1994) 30 Cal.App.4th 747, 754.) As explained by the Supreme Court, an appeal is not frivolous merely because the appeal was ultimately without merit: "Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 650.) For example, an unsuccessful appeal should not be penalized as frivolous if it presents a unique issue which is not indisputably without merit, or involves facts which are not amenable to easy analysis in terms of existing law, or makes a reasoned argument for the extension, modification, or reversal of existing law. (*Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 557.) Sanctions are to be used sparingly to deter the most egregious conduct. (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 651.)

Although for the reasons explained hereinabove plaintiff's appeal was without merit, we note that plaintiff's second amended complaint *did* present a factual chronology under which it reasonably appeared that plaintiff may have paid more than what was actually owed, under circumstances in which an accounting was arguably necessary to ascertain the precise amount. The sole impediment to such allegations constituting an adequate basis to support an accounting cause of action was the legal effect and impact of the 2012 settlement agreement attached to the original complaint, which plaintiff was ultimately unable to avoid—even as to the postsettlement payments. At the hearing on the motion for judgment on the pleadings, the trial court suggested that it could make a difference whether the payments at issue were made before the settlement, or after. Although unsuccessful, plaintiff's appeal appears to have pursued the theory noted by the trial court that the timing of the payments could make a difference to the outcome. On balance, we conclude that although plaintiff's appeal lacked merit, it did not constitute

such egregious conduct that sanctions are warranted.  (See *Silk v. Feldman* (2012) 208 Cal.App.4th 547, 556 [denying sanctions where appeal lacked merit, but was not egregious conduct].)  Accordingly, the motion for sanctions is denied.

## **DISPOSITION**

The judgment of the trial court is affirmed.  Costs on appeal are awarded to defendants.

LEVY, Acting P.J.

WE CONCUR:

FRANSON, J.

PEÑA, J.

14.