[Sac. No. 657.   Department Two.—September 13, 1900.]

## RICHARDS & KNOX, Respondents, v. W. H. BRADLEY, Appellant.

RULING UPON DEMURRER—REVERSAL UPON APPEAL—RIGHTS OF PARTIES— LEAVE TO AMEND — ORDER FOR DISMISSAL WITHOUT PREJUDICE.— Upon the reversal of a judgment for an erroneous overruling of a demurrer to the complaint, the parties are restored to their original rights, and upon the sustaining of the demurrer with leave to amend, the plaintiff, instead of amending, may apply to the court for leave to dismiss the action without prejudice, and the court may order such dismissal.

ID.—POWER OF COURT—CONSTRUCTION OF CODE—PROVISION FOR CLERK'S DISMISSAL NOT MANDATORY OR EXCLUSIVE.—The provision for the dismissal of an action under subdivision 1 of section 581 of the Code of Civil Procedure by request of the plaintiff to the clerk is not mandatory or exclusive of the power of the court to grant an order of dismissal, which, when procured by the plaintiff, should be noted by the clerk in the register of actions.

APPEAL from an order of the Superior Court of Sacramento County for the dismissal of an action. Matt. F. Johnson, Judge.

The facts are stated in the opinion of the court.

William Henley, and R. Platnauer, for Appellant.

L. T. Hatfield, for Respondents.

THE COURT.—This is an appeal from an order, made and entered on motion of plaintiff, dismissing the action. It appears from the bill of exceptions that the cause was here once before on appeal, and, the plaintiff confessing error in the overruling of defendant's demurrer, the "judgment was reversed and the cause remanded." The *remittitur* was, on motion of defendants, entered in the minutes of the trial court June 17, 1898, and the demurrer to plaintiff's complaint on that day came on to be heard, counsel for plaintiffs and defendants appearing, whereupon the following proceedings took place: "On motion of counsel for said defendant said demurrer was sustained by the court; plaintiff allowed five days in which to amend complaint; on motion of counsel for plaintiffs it is ordered that the above-entitled action be and the same is hereby dismissed at costs of plaintiff without prejudice; defendant allowed five days to file a bill of exceptions."

It is claimed that the court erred in allowing plaintiffs to amend their complaint. Plaintiffs did not avail themselves of the right to amend, but instead moved for a dismissal of the action. "After the reversal of the judgment the parties in the court below had the same rights which they originally had; and that court, therefore, had discretion to permit any proper amendment to the pleadings." (*Heidt v. Minor*, 113 Cal. 385.)

Whether or not plaintiffs' complaint stated a cause of action, and whether or not it would have been impossible for

them to do so by amendment, need not be considered, for defendants were not injured by the permission to amend, inasmuch as plaintiffs did not take advantage of it.

It is contended that the court had no power to dismiss the action, citing subdivisions 3, 4, 5, and 6 of section 581 of the Code of Civil Procedure, setting forth the contingencies upon which the court may dismiss an action. The point seems to be that these are the only subdivisions by which the court derives any power to dismiss a case, and that dismissals under subdivision 1 must be made only in the manner therein provided, to wit: "By the plaintiff himself, by written request to the clerk, filed among the papers in the case; . . . . provided, a counterclaim has not been made or affirmative relief sought by the cross-complaint or answer of the defendant." In the case here there was no answer filed. Plaintiffs were not compelled to file a written request with the clerk. They had a right to move for a dismissal in open court and have its order made and entered. It is true the section provides that dismissals mentioned in subdivisions 1 and 2 "are made by entry in the clerk's register," and dismissals mentioned in the other subdivisions "shall be made by orders of the court entered upon the minutes thereof; . . . . but the clerk of the court shall note such orders in his register of actions in the case." We do not think, however, that the mode pointed out in subdivision 1 is exclusive or mandatory. (See *Hinkel v. Donohue*, 90 Cal. 389; *Westbay v. Gray*, 116 Cal 660.) It is often more convenient for the plaintiff to resort to that mode, but we see no objection to his making the motion to the court and taking the order which, when entered, should be noted by the clerk in the register of actions.

The order is affirmed.