[Civ. No. 18035.   First Dist., Div. Two.   Feb. 26, 1959.]

KENT B. HOLLAND et al., Respondents, v. MORGAN AND PEACOCK PROPERTIES COMPANY (a Copartnership) et al., Appellants.

William H. Neblett, R. Arthur Bellman, Leighton M. Bledsoe and Bledsoe, Smith, Cathcart, Johnson & Phelps for Appellants.

Bernard Allard, Fernhoff & Wolfe, Leon G. Seyranian and Richard G. Logan for Respondents.

DRAPER, J.—Judgment in this action was affirmed this day in Number 18049 (*ante*, p. 206 [335 P.2d 769]). After entry of judgment and denial of motions for judgment notwithstanding the verdict and for new trial, appellants moved (Code Civ. Proc., § 473) to set aside the judgment as void. In addition to their appeal from the judgment (No. 18049), they appeal separately from the order denying this motion.

Upon the appeal from the judgment we have held that the agreement of the parties was not required to be in writing and was not illegal. This disposes of appellants' claim that the judgment is void because based upon an invalid or illegal contract.

However, appellants also assert that the judgment is void because the pretrial judge and the trial judge were stockholders and directors of a title company which was joined as a defendant. This contention was first asserted in affidavits supporting the present motion, made after judgment. The point is without merit. It appears that at the outset of the pretrial conference, plaintiffs-respondents dismissed as to the title company. Formal written dismissal was filed before trial, but some 12 days after the pretrial conference. However, the written request to dismiss specified by the code (Code Civ. Proc., § 581, subd. 1) is not a mandatory or exclusive means of dismissal. Request in open court, and order thereon, is equally effective. (*Richards & Knox* v.

*Bradley,* 129 Cal. 670 [62 P. 316]; *McDonald* v. *California Timber Co.,* 2 Cal.App. 165 [83 P. 172].) ▮▮▮ Thus the action was terminated as to the title company at the outset of the pretrial conference. The only grounds of disqualification urged are personal or financial interest. (Code Civ. Proc., § 170, subds. 1, 2.) In view of the dismissal, no such interest appears.

Appellants also filed an affidavit alleging that the broker's license of respondent McLean and that of McLean and Holland, a partnership, were suspended September 17, 1954. However, there is no showing that the suspension continued to November 15, 1954, the date of the oral contract upon which respondents' action is based. Even if the trial court were required to accept the allegations of this affidavit as true (a point which we do not decide) it fails wholly to show that either respondent was unlicensed at the time of the agreement. Appellants' answer admitted that respondents were licensed brokers. No issue of their licensing was made until after judgment. Thus there is no merit in appellants' present contention that respondents in some way had the burden of anticipating this post-judgment attack, and of proving at trial that the licenses had been restored before November 15. In this state of the record, it is unnecessary to determine whether a showing, after judgment, that respondents were unlicensed at the time of the contract would render the judgment void within the meaning of section 473.

Order affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied March 27, 1959, and appellants' petition for a hearing by the Supreme Court was denied April 22, 1959.