[No. B024436. Second Dist., Div. Three. Oct. 27, 1987.]

EDWARD KUPERMAN et al., Plaintiffs and Appellants, v.
GREAT REPUBLIC LIFE INSURANCE COMPANY, Defendant
and Respondent.

**COUNSEL**

Robert N. Benjamin for Plaintiffs and Appellants.

Crouch & Fern and Harvey L. Goldhammer for Defendant and Respondent.

## OPINION

DANIELSON, J.—Plaintiffs and appellants Edward Kuperman, Diana Kuperman, and Nataly Kuperman, a minor, by and through her guardian ad litem, Edward Kuperman, appeal from an order of the superior court striking plaintiffs' third amended complaint in its entirety as to defendant and respondent Great Republic Life Insurance Company (Great Republic). The primary issue presented by this appeal is whether plaintiffs, who named Great Republic as a defendant in their complaint and first amended complaint, but eliminated all reference to Great Republic in their second amended complaint, were thereafter barred from further amending their complaint to state causes of action against Great Republic. We determine that they were not, and reverse the order.

### PROCEDURAL HISTORY

On June 1, 1984, Edward and Diane Kuperman filed a complaint against Great Republic, Imperial Administrative Services, The Insurance Emporium of America, Connie Zarkosky and Gregory Vainstok, alleging breach of contract, bad faith, fraud, intentional and negligent infliction of emotional distress, unfair practices (Ins. Code, § 790.03, subds. (h) (1)-(3) (5)-(7), (13)), and negligence,[1] based on Great Republic's alleged failure to pay certain medical expenses pursuant to a group medical insurance policy.

In their first amended complaint against the same defendants, filed October 29, 1984, plaintiffs alleged essentially the same causes of action, omitting that for negligence.

On or after November 8, 1984, plaintiffs filed a second amended complaint, adding Nataly Kuperman, a minor, by and through her guardian ad litem, Edward Kuperman, as a plaintiff, and naming Commercial Banker's Life Insurance Company and Imperial Administrative Services as defendants. The second amended complaint essentially reiterated the causes of action set forth in the first amended complaint, but eliminated all reference to the other previously named defendants, including Great Republic.

Defendants Commercial Banker's Life and Imperial Administrative Services answered the second amended complaint and cross-complained against Great Republic, The Insurance Emporium, Zarkosky and Vainstok for declaratory relief and equitable indemnification, alleging, inter alia, that

---

[1] Great Republic was not named as a defendant in the negligence cause of action.

"[i]f plaintiffs sustained damages as alleged in their Complaint, such damages were caused entirely or partly by cross-defendants in their failure to properly place and maintain plaintiffs' Group Health coverage prior to the effective date of COMMERCIAL BANKERS LIFE INSURANCE Policy No. 7022-0501. Cross-defendants' failure to place and maintain plaintiffs' prior Group Health Policy was negligent, careless and [w]reckless and the proximate cause of all the alleged injuries plaintiffs suffered."

On June 10, 1985, the trial court granted plaintiffs' ex parte application for an order permitting them to file a third amended complaint once again naming Great Republic as a defendant "pursuant to stipulation between currently appearing parties." The third amended complaint was filed the same day.

Thereafter, on September 4, 1986, Great Republic's motion to strike the third amended complaint was granted. The trial court reasoned that the prior dismissal of Great Republic barred the action against that entity. However, the court provided that its order was made without prejudice to a noticed motion to amend to name Great Republic as a party defendant upon a showing of authority therefor.

On September 24, plaintiffs moved for leave to file their third amended complaint or, in the alternative to vacate the court's prior order. These motions were denied, and the present appeal from the order striking the third amended complaint followed.

## CONTENTIONS

Plaintiffs contend the trial court erred in granting Great Republic's motion to strike the third amended complaint.

Defendant contends the court's ruling was proper, and that the order granting the motion to strike is interlocutory, and therefore not appealable.

## DISCUSSION

*The Order Striking the Third Amended Complaint Is Appealable*

■ The order striking the third amended complaint operated to remove Great Republic from the case and to leave no issues to be determined

between Great Republic and the plaintiffs. The order was appealable as a final judgment within the meaning of Code of Civil Procedure section 904.1. (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 568 [139 Cal.Rptr. 97, 565 P.2d 122] (disapproved on another point in *Ochoa* v. *Superior Court* (1985) 39 Cal.3d 159, 171 [216 Cal.Rptr. 661, 703 P.2d 1]); *Randle* v. *City and County of San Francisco* (1986) 186 Cal.App.3d 449, 454 [230 Cal.Rptr. 901]; *Ingram* v. *Superior Court* (1979) 98 Cal.App.3d 483, 489 [159 Cal.Rptr. 557].)

*The Trial Court Erred in Granting the Motion to Strike the Third Amended Complaint*

■ It is true, as Great Republic contends, that the filing of plaintiffs' second amended complaint which omitted Great Republic as a party effected a dismissal of Great Republic from the action. (*Lamoreux* v. *San Diego etc. Ry. Co.* (1957) 48 Cal.2d 617, 627 [311 P.2d 1].) However, contrary to Great Republic's assertions, we find nothing in the law or the record before us to permit the ruling that the dismissal so effected was with prejudice, or that plaintiffs so intended it. Plaintiffs had the option, prior to trial, to dismiss with or without prejudice. (Former Code Civ. Proc., § 581, subds. 1, 5; *Kronkright* v. *Gardner* (1973) 31 Cal.App.3d 214, 218 [107 Cal.Rptr. 270].)[2] ■ The mere filing of an action and dismissing it without prejudice is not a bar to the filing of a subsequent action, within the statutory period, predicated upon the same cause of action." (*Kinley* v. *Alexander* (1955) 137 Cal.App.2d 382, 387 [290 P.2d 287]; *Neil G.* v. *Superior Court* (1973) 30 Cal.App.3d 572, 576 [106 Cal.Rptr. 505].)

■ We hold that the dismissal effected by plaintiffs when they failed to name Great Republic as a defendant in their second amended complaint was without prejudice, and that Great Republic was properly reinstated as a defendant when so named in plaintiffs' third amended complaint. (Cf. *Lamoreux* v. *San Diego Etc. Ry. Co., supra,* 48 Cal.2d 617, 628.)

The trial court erred in striking the third amended complaint with respect to Great Republic.

---

[2]When plaintiffs filed their second amended complaint in 1984, without naming Great Republic as a defendant therein, Code of Civil Procedure section 581 provided in part: "An action may be dismissed in the following cases:

"1. By plaintiff, by written request to the clerk, filed with the papers in the case, or by oral or written request to the judge where there is no clerk, at any time before the actual commencement of trial . . . .

"5. The provisions of subdivision 1, of this section shall not prohibit a party from dismissing with prejudice, either by written request to the clerk or oral or written request to the judge, as the case may be, any cause of action at any time before decision rendered by the court. . . ."

## DECISION

The order granting Great Republic's motion to strike the third amended complaint is reversed. Defendant and respondent to bear costs on appeal.

Klein, P. J., and Baker, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.