[No. E033453. Fourth Dist., Div. Two. Jan. 8, 2004.]

FIREMAN'S FUND INSURANCE COMPANY, Plaintiff and Appellant, v. SPARKS CONSTRUCTION, INC., et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

1136

1138

## Counsel

Graham & Associates and Bruce N. Graham for Plaintiff and Appellant.

Higgins Harris Sherman & Rohr, John J. Higgins and Deborah A. Walker for Defendants and Respondents.

## Opinion

**RICHLI, Acting P. J.**—The original complaint in this action contained Doe allegations. The first amended complaint did not. *After* filing the first amended complaint, the plaintiff served two new defendants with the *original* summons and complaint, along with amendments purporting to name them as Does. These defendants filed answers, and all parties proceeded to litigate apace.

Almost a year later, the plaintiff sought leave to file a second amended complaint, in which these new defendants were explicitly named. This belatedly alerted the new defendants to the existence of the *first* amended complaint. The trial court denied leave to amend; indeed, it granted the new defendants judgment on the pleadings. It reasoned that the first amended complaint had effectively dismissed all Doe defendants; hence, the Doe amendments were ineffective, the second amended complaint did not relate back, and the statute of limitations had run.

In essence, the trial court ruled that, even though the new defendants had participated in the action for over a year, filing not only answers but also cross-complaints and even a motion for summary judgment, they had never really been parties at all. Moreover, it was too late to make them parties. The plaintiff's procedural gaffes precluded it from any recovery against them.

By and large, we agree with the trial court's reasoning—as far as it went. We will hold, however, that the new defendants waived any objection to their joinder by filing answers and thereby making a general appearance. Their waiver was effective even though they had no reason to suspect, at the time, that they had not been properly joined. Thus, the action was commenced against them, for purposes of the statute of limitations, not later than when they filed their answers. We cannot say, as a matter of law, that the applicable statutes of limitations had run by that date. Hence, we will reverse.

## I

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Original Complaint.*

Plaintiff Fireman's Fund Insurance Company (Fireman's) filed this action on May 26, 2000. Its attorney was Philip A. Fant. The original complaint named as defendants Kohler Co. (Kohler) and Does 1 through 10. It asserted two causes of action, for negligence and for strict products liability.

According to the original complaint, Albert and Ardean Cook owned a home in La Quinta. As a result of a defective ballcock, their toilet leaked, causing severe property damage. The leak was discovered on or about June 15, 1999. Fireman's, as the Cooks' insurer, paid them $428,804.48. In return, Fireman's became subrogated to the Cooks' claims arising out of the leak.

### B. *The First Amended Complaint.*

On March 30, 2001, Fireman's filed its first amended complaint, which named as defendants Kohler, Fluidmaster, Inc. (Fluidmaster), and Preferred Air Conditioning (Preferred). The first amended complaint had no Doe allegations.

On October 2, 2001, Fireman's substituted Bruce N. Graham as its attorney in place of Fant.

On November 30, 2001, Fireman's filed amendments to the first amended complaint, purporting to name Sparks Construction, Inc. (Sparks) as Doe 1 and T.D. Desert Development, LP (T.D.) as Doe 2.

On December 19, 2001, and February 26, 2002, respectively, Fireman's served the following documents on T.D. and Sparks: (1) a summons issued on the original complaint, listing as defendants Kohler and Does 1 through 10; (2) the original complaint; and (3) the amendments purporting to name Sparks and T.D. as Does.

T.D. and Sparks filed answers on January 7, 2002, and March 27, 2002, respectively. These were captioned as answers to the "complaint." Each answer consisted of a general denial and numerous affirmative defenses, including failure to state a claim and the statute of limitations, but not including lack of personal jurisdiction. Sparks and T.D. did not, at that time, move to quash. They also filed cross-complaints for indemnity against the other defendants.

On September 24, 2002, Sparks and T.D. filed a motion for summary judgment, on the ground that they "never touched the subject toilet." The original complaint was attached as an exhibit to the motion; the motion discussed it as if it were the operative pleading. The trial court denied the motion.

On November 8, 2002, Fireman's entered into a settlement with Preferred. As part of the settlement, Preferred assigned to Fireman's any rights to indemnity that it had against its codefendants.

C. *The Second Amended Complaint.*

On January 3, 2003, Fireman's filed a motion for leave to file a second amended complaint. The original complaint, first amended complaint, and proposed second amended complaint were all attached as exhibits. The proposed second amended complaint named as defendants Kohler, Fluidmaster, Sparks, T.D., and "DOES 3 through 100." However, it contained no Doe allegations. It alleged that Fireman's had paid the Cooks a total of $430,457.48 (instead of $428,804.48). It also alleged that the leak was discovered on or about September 15, 1999 (instead of June 15, 1999). It added three new causes of action—for equitable indemnity, contribution, and declaratory relief—based on the rights which Preferred had assigned to Fireman's.

Sparks and T.D. responded by filing a combined motion to quash and motion for judgment on the pleadings.

In opposition to the motion, Fireman's filed declarations by its attorneys, Fant and Graham. Fant stated that, when he drafted the first amended complaint, he intended to include Doe allegations; his failure to do so "was an oversight and not done deliberately." Graham stated that, when he drafted the Doe amendments, he did not realize that the first amended complaint lacked any Doe allegations.

On February 7, 2003, the trial court granted the motion for judgment on the pleadings without leave to amend, denied Fireman's motion for leave to

amend, and dismissed Fireman's action as against Sparks and T.D. It ruled: ". . . Sparks . . . and T.D. . . . were improperly served. . . . [P]laintiff's original complaint . . . was super[s]eded by a first amended complaint . . . . The first amended complaint contained no charging allegations against any Doe defendant . . . thus dismissing those parties . . . . When Sparks . . . and T.D. . . . were served with Doe amendments, there were no Doe defendants . . . in the operative pleading. Plaintiff's counsel could not file a Doe amendment to a complaint which has no Doe defendants. . . . Furthermore, the Court finds that the statute of limitations has run thus barring plaintiff's ability to bring in these parties based on the date of loss set forth in plaintiff's complaint as June, 1999."

## II

## APPEALABILITY OF THE DENIAL OF THE MOTION FOR LEAVE TO AMEND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III

## DISCUSSION

A. *The Effect of the First Amended Complaint.*

The trial court ruled that, by filing the first amended complaint, Fireman's effectively dismissed all Doe defendants.

■ It has long been the rule that an amended complaint that omits defendants named in the original complaint operates as a dismissal as to them. (*Lamoreux v. San Diego & Arizona Eastern Ry. Co.* (1957) 48 Cal.2d 617, 627–628 [311 P.2d 1]; *Browner v. Davis* (1860) 15 Cal. 9, 11–12; *Kuperman v. Great Republic Life Ins. Co.* (1987) 195 Cal.App.3d 943, 947 [241 Cal.Rptr. 187].)

Fireman's argues that the only way it could dismiss a defendant was by filing a request for dismissal. This flies in the face of the cases just cited. Fireman's relies on Code of Civil Procedure section 581, subdivision (b)(1), which provides that an action may be dismissed "[w]ith or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial . . . ." This provision, however, is neither exclusive nor

---

*See footnote, *ante*, page 1135.

mandatory. (*Richards v. Bradley* (1900) 129 Cal. 670, 672 [62 P. 316]; *Holland v. Morgan & Peacock Properties Co.* (1959) 168 Cal.App.2d 212, 213 [335 P.2d 773]; see also Code Civ. Proc., § 581, subd. (m).) Even assuming it is exclusive, the first amended complaint itself would constitute the necessary request for dismissal.

Accordingly, we agree with the trial court that Fireman's first amended complaint effectively dismissed all Doe defendants.

Fireman's also argues that any resulting dismissal necessarily was without prejudice. We agree (*Kuperman v. Great Republic Life Ins., supra,* 195 Cal.App.3d at p. 947), but the point is irrelevant. The trial court implicitly recognized that the dismissal was without prejudice. It ruled, however, that Fireman's could not file a new or amended complaint against Sparks and T.D. because the statute of limitations had run.

B. *The Doe Amendments.*

Next, the trial court ruled that the amendments purportedly naming Sparks and T.D. as Does were ineffective because the first amended complaint contained no Doe allegations.

■ Code of Civil Procedure section 474 allows a plaintiff to name fictitious defendants, or "Does." The complaint must state a cause of action against each Doe defendant. (*Pacific Coast Refrigeration, Inc. v. Badger* (1975) 52 Cal.App.3d 233, 249–250 [124 Cal.Rptr. 786]; *Milam v. Dickman Const. Co.* (1964) 229 Cal.App.2d 208, 213–214 [40 Cal.Rptr. 130].) It must allege that the plaintiff is ignorant of the Doe defendant's name. (Code Civ. Proc., § 474; *Stephens v. Berry* (1967) 249 Cal.App.2d 474, 477 [57 Cal.Rptr. 505]; but cf. *Dieckmann v. Superior Court* (1985) 175 Cal.App.3d 345, 353–355 [220 Cal.Rptr. 602].) Moreover, the plaintiff must actually *be* ignorant of the Doe defendant's name, i.e., "ignorant of the facts giving rise to a cause of action against that defendant." (*Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1170 [101 Cal.Rptr.2d 776].) When the plaintiff discovers a Doe defendant's true name, he or she must amend the complaint accordingly. (Code Civ. Proc., § 474; see *Jonson v. Weinstein* (1967) 249 Cal.App.2d 954, 957 [58 Cal.Rptr. 32].) Provided these requirements are satisfied, the amendment is deemed to "relate[] back" to the filing date of the original complaint for purposes of the statute of limitations. (*Bernson v. Browning-Ferris Industries* (1994) 7 Cal.4th 926, 930 [30 Cal.Rptr.2d 440, 873 P.2d 613].)

■ "Code of Civil Procedure section 474 is to be liberally construed. [Citation.]" (*Fuller v. Tucker, supra,* 84 Cal.App.4th at p. 1170.) Nevertheless,

its requirements, as so construed, are mandatory. (*Stephens v. Berry, supra,* 249 Cal.App.2d at p. 477.) Failure to comply with Code of Civil Procedure section 474 does not prevent a plaintiff from filing an amendment adding a new defendant; however, it does prevent the amendment from relating back. (*Davis v. Marin* (2000) 80 Cal.App.4th 380, 387 [94 Cal.Rptr.2d 896]; *Armstrong v. Superior Court In and For Los Angeles Co.* (1956) 144 Cal.App.2d 420, 424 [301 P.2d 51].)

Here, the first amended complaint had no Doe allegations. " 'It is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading. [Citations.]' [Citation.]" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 884 [92 Cal.Rptr. 162, 479 P.2d 362], quoting *Meyer v. State Bd. of Equalization* (1954) 42 Cal.2d 376, 384 [267 P.2d 257].) Hence, as we held in part III.A, *ante,* by filing the first amended complaint, Fireman's effectively dismissed all Doe defendants. Filing Doe amendments when the operative complaint contained no Doe allegations did not comply with Code of Civil Procedure section 474.

■ Thus, we agree with the trial court that the Doe amendments did not relate back to the filing date of the original complaint.

### C. *Service of the Original Summons, Original Complaint, and Doe Amendments.*

The trial court also ruled that Sparks and T.D. had not been properly served.

Strictly speaking, this ruling was not necessary to its decision. The core of its decision was that, because the Doe amendments did not relate back, the statute of limitations had already run before the second amended complaint could be filed. The propriety of the service would matter if, and only if, valid service of summons on Sparks and T.D. constituted commencement of an action against them for statute of limitations purposes.

■ It did not. An action is commenced when the complaint is filed. (Code Civ. Proc., §§ 350, 411.10; *Cuadra v. Millan* (1998) 17 Cal.4th 855, 859 [72 Cal.Rptr.2d 687, 952 P.2d 704], disapproved on other grounds in *Samuels v. Mix* (1999) 22 Cal.4th 1, 16, fn. 4 [91 Cal.Rptr.2d 273, 989 P.2d 701].) "The issuance of summons is not necessary to the commencement of the action. [Citations.]" (Code Comrs. Notes, reprinted at 13A West's Ann. Code Civ. Proc. (1982 ed.) foll. § 350, p. 561.) It follows that serving a summons on a person who is not named as a defendant in the underlying complaint does not stop the statute of limitations from running. Here, when the original summons was served on Sparks and T.D., there was no underlying action against them. As we held in part III.B, *ante,* the Doe amendments

purporting to name them were ineffective. Accordingly, even assuming service of the original summons was effective to establish personal jurisdiction over them, the statute of limitations continued to run.

Additionally—and alternatively—the service was invalid. Absent compliance with Code of Civil Procedure section 474, service of a summons on a purported Doe defendant is ineffective. (*McCorkle v. City of Los Angeles* (1969) 70 Cal.2d 252, 256, fn. 3 [74 Cal.Rptr. 389, 449 P.2d 453].) "[O]ne 'who is not named either by his true or a fictitious name or as an unknown defendant is not a proper party to an action, and service of summons upon such person upon proper motion should be quashed.' [Citation.]" (*Fuss v. City of Los Angeles* (1958) 162 Cal.App.2d 643, 646 [328 P.2d 831], quoting *Kline v. Beauchamp* (1938) 29 Cal.App.2d 340, 342 [84 P.2d 194].)

■ We therefore agree with the trial court that the service of summons on Sparks and T.D. was invalid and ineffective.

D. *The Filing of Answers and Cross-Complaints by Sparks and T.D.*

Fireman's contends that Sparks and T.D. waived any irregularity in the proceedings by filing answers, cross-complaints, and a motion for summary judgment. Although Fireman's raised this same contention below, the trial court's ruling failed to address it.

■ "A general appearance by a party is equivalent to personal service of summons on such party." (Code Civ. Proc., § 410.50, subd. (a).) "A general appearance operates as a consent to jurisdiction of the person, dispensing with the requirement of service of process, and curing defects in service." (2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 190, p. 756.) Sparks and T.D. argue that a party "cannot waive service that has never occurred." Not so. A general appearance can make up for a complete failure to serve a summons. (*Adoption of Matthew B.* (1991) 232 Cal.App.3d 1239, 1270 [284 Cal.Rptr. 18].)

■ "An appearance is general if the party contests the merits of the case or raises other than jurisdictional objections. [Citations.]" (*366-386 Geary St., L.P. v. Superior Court* (1990) 219 Cal.App.3d 1186, 1193–1194 [268 Cal.Rptr. 678].) Filing an answer on the merits constitutes a general appearance. (Code Civ. Proc., § 1014; *California Dental Assn. v. American Dental Assn.* (1979) 23 Cal.3d 346, 352 [152 Cal.Rptr. 546, 590 P.2d 401].) As we held in part III.C, *ante*, the service on Sparks and T.D. was ineffective. Once they filed answers, however, they became subject to the trial court's personal jurisdiction and lost their right to quash the service.

■ Much the same is true of the failure to name Sparks, T.D., or any Does in the first amended complaint. A complaint must include the names of

all the parties. (Code Civ. Proc., § 422.40.) However, "[a] party may appear though he is not named in the complaint." (*Bayle-Lacoste & Co. v. Superior Court* (1941) 46 Cal.App.2d 636, 644 [116 P.2d 458].) For example, in *Tyrrell v. Baldwin* (1885) 67 Cal. 1 [6 P. 867], the plaintiff filed a complaint against various defendants but did not name or serve Charles and Sarah McDonald. Nevertheless, the McDonalds filed an answer denying the plaintiff's claims and claiming an adverse title. The plaintiff obtained a judgment against the McDonalds. (*Id.* at p. 3.) The Supreme Court held that the judgment as against the McDonalds was not void. It reasoned, in part, that: "As soon as the answer was filed the complaint might have been amended by adding the names of the McDonalds to those of the other defendants in the action. Did the failure to do so affect the substantial rights of the parties? Clearly not. And if not the judgment is not affected by reason of that defect in the pleadings or proceedings. (Code Civil Proc., § 475.)" (*Id.* at p. 4.)

In *Farmers etc. Nat. Bank v. Peterson* (1936) 5 Cal.2d 601 [55 P.2d 867], the Supreme Court similarly held: "The defendants complain that trustee Boothe, who appeared voluntarily and filed his answer, was not properly a party defendant because he was not named as a party in the complaint or the amended complaint, and that consequently the judgment against him is void. There is, of course, no merit to the point. Boothe invoked the judgment of the court by his voluntary appearance, and may not now be heard to deny the jurisdiction of the court to render such judgment. [Citations.] His voluntary appearance must be deemed to be a waiver of any failure to name him as a defendant. [Citation.]" (*Id.* at p. 606; see also *Eastern Outfitting Co. v. Myers* (1918) 39 Cal.App. 316, 317 [180 P. 669] [by filing answer, defendant waived failure to amend complaint to name him as Doe defendant].)

More recently, in *In re Marriage of Williams* (1985) 163 Cal.App.3d 753 [209 Cal.Rptr. 827], an ex-wife sought to satisfy a support order by executing on her ex-husband's pension fund. In response to an order to show cause, the pension fund appeared at a hearing and argued that the ex-wife's claim was preempted by federal law. (*Id.* at p. 757.) On appeal, the pension fund argued that the trial court lacked jurisdiction under former Civil Code section 4351, which provided that a support order was not enforceable against an employee pension benefit plan unless the plan had been joined as a party. (*Marriage of Williams*, at pp. 757–758.) The appellate court agreed that the failure to join the pension fund violated former Civil Code section 4351. (*Marriage of Williams*, at p. 759.) It further held, however, that the pension fund waived the violation by making a general appearance at the hearing. (*Id.* at pp. 759–760.)

█ If a complete interloper were to answer a complaint, the plaintiff could move to strike the answer. (See *Coburg Oil Co. v. Russell* (1950) 100

Cal.App.2d 200, 204–205 [223 P.2d 305]; *Bayle-Lacoste & Co. v. Superior Court, supra,* 46 Cal.App.2d at p. 644; see also Code Civ. Proc., §§ 435, 436.) Arguably, the plaintiff could also demur to the answer. (Code Civ. Proc., § 430.20.) If, however, the plaintiff fails to do either in a timely manner— if the unnamed, yet answering defendant participates in the action, without any objection from anybody—the complaint should be deemed amended. (See *Bayle-Lacoste & Co. v. Superior Court,* at p. 644; see also Code Civ. Proc., §§ 430.80, subd. (b) [failure to demur to answer waives all objections other than that answer fails to state a defense], 435, subds. (b)(1), (e) [motion to strike must be filed within time to respond to pleading, except that motion to strike may also be made as part of motion for judgment on the pleadings].)

Sparks and T.D. argue that, having been served with the wrong summons and complaint, they had no reason to know that the Doe amendments were invalid and the service ineffective. As far as we can tell from the record, this is true. In hindsight, one does wonder why the presence of Fluidmaster and Preferred did not tip them off. Of course, they may have assumed that Fluidmaster and Preferred had also been named as Does.

Sparks and T.D. cite no authority, however, for the proposition that they had to be aware of these defects before they could waive them. We do not believe they did. In view of the long, long line of cases holding that a general appearance waives objections to service (to say nothing of the statute to the same effect), this very absence of authority is significant.

"Federal as well as state courts have used the term 'waiver' to refer to a number of different concepts. [Citations.] Generally, 'waiver' denotes the voluntary relinquishment of a known right. But it can also mean the loss of an opportunity or a right as a result of a party's failure to perform an act it is required to perform, regardless of the party's intent to abandon or relinquish the right. [Citations.]" (*Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307, 314–315 [24 Cal.Rptr.2d 597, 862 P.2d 158].)

The rule that a general appearance "waives" objections to defective service is actually a matter of forfeiture, not waiver. Service of summons is required in order to give the defendant notice of the action, as due process demands. (*Oats v. Oats* (1983) 148 Cal.App.3d 416, 420 [196 Cal.Rptr. 20].) But once the defendant appears in the action, this purpose has been served. "A defendant has a right to demand that process be issued against him in the manner provided by law, but if process is not so issued and he appears generally without making objection, such appearance, being the purpose of the process, confers jurisdiction of the person and the court is empowered to act in the premises." (*Harrington v. Superior Court* (1924) 194 Cal. 185, 189 [228 P. 15].)

We recognize "the traditional rule . . . that the requirements for service of summons by publication must be *strictly* complied with. [Citations.]" (*County of Riverside v. Superior Court* (1997) 54 Cal.App.4th 443, 450 [62 Cal.Rptr.2d 747] [Fourth Dist., Div. Two].) This is primarily so that, when the defendant has *not* appeared, the court can proceed with some confidence that the requisite notice has, in fact, been given. A defendant is allowed to appear (provided the appearance is special, not general) and to assert that he or she has not been served in compliance with the statutory requirements, not so much to ensure that notice has been given in the case then before the court, but rather to ensure that notice will be given in other cases.

Even then, " '[p]leas based upon lack of jurisdiction of the person are in their nature pleas in abatement and find no especial favor in the law. They amount to no more than the declaration of the defendant that he has had actual notice, is actually in court in a proper action, but, for informality in the service of process is not legally before the court. It is purely a dilatory plea, and when a defendant seeks to avail himself of it, he must, for very obvious reasons, stand upon his naked legal right and seek nothing further from the court than the enforcement of that right.' " (*Raps v. Raps* (1942) 20 Cal.2d 382, 385 [125 P.2d 826], quoting *Olcese v. Justice's Court of First Judicial Tp., Contra Costa County* (1909) 156 Cal. 82, 87 [103 P. 317].)

Any rule that a general appearance does not waive objections to service unless the waiver is knowing and intelligent would exalt form over substance. A defendant who has actual knowledge of the action and who has submitted to the authority of the court should not be able to assert a violation of rules which exist only to bring about such knowledge and submission. We therefore hold that a defendant who makes a general appearance forfeits any objection to defective service, even when the defendant does not know at the time that such an objection is available.[1]

For much the same reasons, the rule that a person can become a defendant by answering the complaint is a matter of forfeiture, not waiver. Just as a summons serves as notice of the action, "[t]he complaint . . . serves to frame and limit the issues [citation] and to apprise the defendant of the basis upon which the plaintiff is seeking recovery [citations]." (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 211–212 [197

---

[1] Our holding is limited to objections to personal jurisdiction based on either failure to serve or defective service. This case presents no issue of objections to personal jurisdiction based on lack of minimum contacts with the state. Certainly there are many cases holding that a general appearance waives this kind of objection, too. (E.g., *California Dental Assn. v. American Dental Assn., supra,* 23 Cal.3d at pp. 351–352.) Also, it would seem to be a rare case in which a defendant genuinely does not know the facts underlying a minimum-contacts analysis. Still, it is conceivable that overriding due process concerns might require a waiver of the minimum-contacts requirement to be knowing and intelligent.

Cal.Rptr. 783, 673 P.2d 660].) If a defendant knows the factual and legal issues well enough to file an answer, these purposes have been served. Any remaining confusion or uncertainty can be dispelled, in most cases, by amendments to the pleadings and by discovery.

Here, for example, Sparks and T.D. did have notice, via service of the original complaint, of the general nature of Fireman's claims. There had been considerable discovery, which had fleshed out Fireman's claims. Certainly Sparks and T.D. had enough notice to file a motion for summary judgment. All Sparks and T.D. lacked was notice of the *differences* between the original complaint and the first amended complaint. Fireman's offered to cure this by filing a second amended complaint.

Sparks and T.D. did not claim that filing the second amended complaint would prejudice them in any way. If they had claimed prejudice, the trial court could have denied leave to amend (*Bulmash v. Davis* (1979) 24 Cal.3d 691, 701–702 [157 Cal.Rptr. 66, 597 P.2d 469]); then, as the first amended complaint failed to state a claim against them, they could have moved for judgment on the pleadings. We need not decide whether the trial court would have had to grant such a motion. Perhaps it could have just stricken the first amended complaint, as against Sparks and T.D., because it had never been served on them. We merely observe that these procedural possibilities were adequate to protect the legitimate interest that Sparks and T.D. had in notice of the claims against them.

 Thus, we also hold that a defendant can forfeit the objection that he or she is not named as a defendant in the complaint by filing an answer, even when the defendant does not know at the time that this objection is available. We need not decide whether such forfeiture follows inevitably, in every case. Here, the purpose of the requirement that defendants be named in the complaint was served—or at least could have been served—by allowing Fireman's to file its second amended complaint.

Incidentally, we note that there is not so much as a whiff of fraud in this case. Fireman's attorneys testified that they acted entirely by mistake. There is no contrary evidence. Moreover, we cannot imagine how Fireman's could have hoped to benefit. Sparks and T.D. suggest that Fireman's dismissed all the Doe defendants intentionally, then, when it changed its mind and wanted to sue them, served the wrong complaint intentionally, to conceal the dismissal. This makes no sense. There could be no strategic reason to omit boilerplate Doe allegations. Moreover, why would Fireman's keep quiet for nearly a year (arguably allowing the statute of limitations to run), then suddenly show its hand by moving for leave to amend? We need not consider whether our holding would be the same in the event of fraud.

■ Accordingly, we conclude that even though Sparks and T.D. had not been properly named as defendants nor properly served, by making a general appearance they subjected themselves to the court's personal jurisdiction and became parties to the action.

E. *The Statute of Limitations.*

Despite our conclusion that Sparks and T.D. waived their objections, we still must consider the statute of limitations.

The trial court relied on "the familiar rule that . . . a complaint may not be amended to add a new defendant after the statute of limitations has run. [Citations.]" (*McGee Street Productions v. Workers' Comp. Appeals Bd.* (2003) 108 Cal.App.4th 717, 724 [133 Cal.Rptr.2d 813], and authorities cited.) In doing so, it erred; as we held in part III.D, *ante,* Sparks and T.D. were already parties. If, however, the statute of limitations had already run before they became parties, the trial court was still required to deny leave to amend (*Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1011 [79 Cal.Rptr.2d 544]) and to grant judgment on the pleadings.

■ The relevant causes of action are those in the proposed second amended complaint. "[A]n amended complaint relates back to the filing of the original complaint, and thus avoids the bar of the statute of limitations, so long as recovery is sought in both pleadings on the same general set of facts." (*Smeltzley v. Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 934 [136 Cal.Rptr. 269, 559 P.2d 624].) Here, the second amended complaint arose out of the same general set of facts as all earlier complaints. Accordingly, it related back to the date on which the action was commenced as against Sparks and T.D.

■ In the second amended complaint, Fireman's asserted two causes of action as the Cooks' subrogee: for negligence and for strict products liability. On both theories, it sought to recover for damage that the defect in the ballcock caused to the Cooks' home and its contents. These causes of action are therefore governed by the three-year limitations period applicable to actions for injury to real and personal property. (Code Civ. Proc., § 338, subds. (b), (c); *Regents of University of California v. Hartford Acc. & Indem. Co.* (1978) 21 Cal.3d 624, 630 [147 Cal.Rptr. 486, 581 P.2d 197] [negligence]; *San Francisco Unified School Dist. v. W.R. Grace & Co.* (1995) 37 Cal.App.4th 1318, 1325 [44 Cal.Rptr.2d 305] [negligence and strict liability].) Accrual of these causes of action is subject to the discovery rule; that is, they did not accrue until discovery of the defect. (*Regents of University of California v. Hartford Acc. & Indem. Co.,* at p. 630; *Angeles Chemical Co. v. Spencer & Jones* (1996) 44 Cal.App.4th 112, 119 [51 Cal.Rptr.2d 594].)

Fireman's argues that the relevant limitations period is either four years or 10 years, applicable to actions based on patent and latent defects, respectively, in an improvement to real property. (Code Civ. Proc., §§ 337.1, 337.15.) Both of these periods, however, run from substantial completion of the improvement, not from discovery of the defect. They may shorten the period that would otherwise apply, but they cannot lengthen it. (*FNB Mortg. Corp. v. Pacific General Group* (1999) 76 Cal.App.4th 1116, 1127 [90 Cal.Rptr.2d 841] [Code Civ. Proc., § 337.15].)

Because this issue comes to us after a motion for judgment on the pleadings, "all facts alleged in the complaint must be accepted as true. [Citation.]" (*Rangel v. Interinsurance Exchange* (1992) 4 Cal.4th 1, 7 [14 Cal.Rptr.2d 783, 842 P.2d 82].) The original complaint alleged that the leak was discovered in June 1999. The second amended complaint, however, alleged that it was not discovered until September 1999. We may assume, without deciding, that the original allegation was binding and could not be contradicted in later pleadings. (See *Colapinto v. County of Riverside* (1991) 230 Cal.App.3d 147, 151–152 [281 Cal.Rptr. 191] [Fourth Dist., Div. Two].) That would mean the three-year limitations period ran in June 2002.

So far, we have not actually decided when the action against Sparks and T.D. was commenced. We have decided that they waived their objections to service and to joinder by making a general appearance. This does not necessarily mean, however, that they waived their objections to being served and joined *as Does*. If they did, then the second amended complaint would relate back to the first amended complaint, at least, and arguably even to the original complaint. If not, however, it would relate back only to when they became parties. We will assume, without deciding, that the action was not commenced, as against Sparks and T.D., until they actually filed their answers, on January 7, 2002 (T.D.), and March 27, 2002 (Sparks). Even if so, this was before the statute of limitations had run.

Finally, in the second amended complaint, Fireman's also asserted three causes as assignee of Preferred: for equitable indemnity, contribution, and declaratory relief. These causes of action accrued no earlier than November 8, 2002, when Preferred settled with Fireman's. (See *People ex rel. Dept. of Transportation v. Superior Court* (1980) 26 Cal.3d 744, 751–752, 757 [163 Cal.Rptr. 585, 608 P.2d 673] [equitable indemnity and contribution causes of action do not accrue until joint tortfeasor pays injured party's claim].) This was after Sparks and T.D. became parties.

We conclude that the trial court erred by ruling that the statute of limitations barred the second amended complaint. Sparks and T.D. did not

oppose Fireman's motion for leave to amend on any other ground. Accordingly, the trial court erred by denying the motion for leave to amend and by granting the motion for judgment on the pleadings without leave to amend.

## IV

## DISPOSITION

The judgment is reversed. The trial court is directed to (1) grant Fireman's motion for leave to file its proposed second amended complaint; (2) deny Sparks and T.D.'s motion to quash; and (3) deny Sparks and T.D.'s motion for judgment on the pleadings as moot. Fireman's is awarded costs on appeal against Sparks and T.D.

Gaut, J., and King, J., concurred.