Filed 5/26/15  Coleman v. City of Los Angeles CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ARTHUR COLEMAN, | B255818 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC524961) |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kevin Clement Brazile, Judge.  Affirmed.

Arthur Coleman, in pro. per., for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, and Amy Jo Field, Assistant City Attorney, for Defendant and Respondent.

_____

Plaintiff and appellant Arthur Coleman challenges the trial court's entry of judgment in favor of defendant and respondent City of Los Angeles (the City) on the grounds that it lacked jurisdiction to enter judgment because he failed to properly serve the City. Because appellant failed to provide us with an adequate record and because his legal argument makes no sense, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

From the bare bones record[1] provided, we glean the following facts:

On October 17, 2013, appellant filed a complaint against the City. The City demurred. The demurrer was sustained without leave to amend. Appellant's action was dismissed, and judgment was entered in the City's favor. Appellant's timely appeal ensued.

## DISCUSSION

In addressing an appeal, we begin with the presumption that a judgment or order of the trial court is presumed correct, and reversible error must be affirmatively shown. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant must "present argument and authority on each point made" (*County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591; Cal. Rules of Court, rule 8.204(a)(1)(B)) and cite to the record to direct the reviewing court to the pertinent evidence or other matters in the record that demonstrate reversible error (Cal. Rules of Court, rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115). It is not our responsibility to comb the appellate record for facts, or to conduct legal research in search of authority, to support the contentions on appeal. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) If the appellant fails to cite to the record or relevant authority, we may treat the issue as waived. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546.)

---

[1] The record on appeal consists solely of the case summary, a minute order, a copy of the judgment, a copy of the notice of entry of judgment, a copy of the notice of appeal, and a copy of the notice and amended notice designating the record on appeal.

2

Moreover, appellant's election to act as his own attorney on appeal does not entitle him to any leniency as to the rules of practice and procedure; otherwise, ignorance is unjustly rewarded. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Lombardi v. Citizens Nat. Trust Etc. Bank* (1955) 137 Cal.App.2d 206, 208–209; *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Quite simply, appellant did not meet his burden on appeal. He seeks reversal of a judgment on the grounds that the trial court lacked jurisdiction to enter judgment because he failed to properly serve the City with the summons and complaint. But, the City waived any allegedly improper service and submitted to the court's jurisdiction by filing a demurrer without raising a jurisdictional objection. (Code Civ. Proc., § 410.50, subd. (a); *Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1145.) It follows that the trial court had jurisdiction to entertain, and grant, the City's demurrer and enter judgment in the City's favor.

**DISPOSITION**

The judgment is affirmed. The City is entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
           ASHMANN-GERST

We concur:


_____, J.
       CHAVEZ


_____, J.
       HOFFSTADT

3