NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JARED RYAN MILGRIM, an individual,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>ALFREDO GARCIA, an individual; Doctor KIRAN KAMAT, an individual; DIGNITY HEALTH, a California corporation, for Northridge Hospital Medical Center; LOS ANGELES POLICE DEPARTMENT,<br><br>    Defendants - Appellees,<br><br>and<br><br>ELAIN LEVY, an individual, ENOSH MORIAH, an individual, Doctor JAMES QUINES, an individual, OLIVE VIEW - UCLA MEDICAL CENTER FOUNDATION, INC., a California Non-Profit Corporation, DOES,<br><br>    Defendants. | No. 24-1836<br><br>D.C. No.<br>2:19-cv-07087-JWH-AS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 16, 2025[]
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

Jared Milgrim appeals the district court's dismissal of his claims against certain defendants based upon the application of its local rules, denial of his request to amend his complaint to add new defendants, and grant of summary judgment as to his claim arising under 42 U.S.C. § 1983 against one defendant owing to the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's dismissal pursuant to its local rules, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam), its denial of leave to amend, *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 573 (9th Cir. 2020), and its denial of a request to modify a scheduling order, *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). We review a district court's order granting summary judgment de novo. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020). We affirm.

1. After a party files a motion, the Local Rules of the Central District of California provide that "[e]ach opposing party shall, . . . not later than twenty-one (21) days before the date designated for the hearing of the motion . . . [,] file" an

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

opposing brief and all supporting evidence. C.D. Cal. R. 7-9. Dr. Kiran Kamat filed his motion to dismiss (which Dignity Health joined on the same day) on February 14, 2022, noticed for hearing on March 14, 2022. Milgrim's opposition was due February 22, 2022. *See* Fed. R. Civ. P. 6(a) (factoring in holidays); C.D. Cal. R. 7-9. He filed his opposition on February 28, 2022. Local Rule 7-12 provides that "[t]he failure to file any required document . . . within the deadline[] may be deemed consent to the granting . . . of the motion." C.D. Cal. R. 7-12. Citing Local Rule 7-12, the district court deemed Milgrim's failure to timely oppose as consent and granted Dr. Kamat's motion to dismiss.

In light of the *Ghazali* factors and upon independent review of the record, we find no abuse of discretion in the district court's application of the local rules. 46 F.3d at 53 (listing five factors).[1]

2. On December 7, 2021, Milgrim sought leave to add Officer Joshua Fernandez as a defendant. Then on March 7, 2022, Milgrim sought leave and to add "four other on-scene officers" as defendants. With regard to Officer Fernandez, the record supports that, by December 2017, at the earliest, or October 2019, at the latest, Milgrim had notice of his existence and participation in the underlying events. Moreover, Milgrim sought to add Officer Fernandez, an entirely new defendant, in

_____

[1] Any notion that Milgrim was unfairly confused by deadlines as noted in scheduling orders is belied by the district court's constant reminders that the local rules control and Milgrim's repeated failures to follow them.

a *fourth* amended complaint. Therefore, the district court did not abuse its discretion in light of Milgrim's undue delay, the potential for undue prejudice, and Milgrim's repeated failure to cure deficiencies in prior amendments. *See Brown*, 953 F.3d at 574.

With regard to "Does 1-4," Milgrim added the unnamed defendants in his fourth amended complaint, in spite of the district court's admonition not to do so. Milgrim then moved out-of-time for leave to add them. We find no abuse of discretion in the district court's refusal to modify its scheduling order, as the record supports that Milgrim was not diligent and failed to demonstrate good cause. *See Johnson*, 975 F.2d at 608.

3. The underlying conduct in this case occurred on April 27, 2017. Milgrim did not name Officer Alfredo Garcia as a defendant until he filed the third amended complaint on July 5, 2019. Section 1983 claims borrow the forum state's statute of limitation for personal injury actions, including tolling provisions. *Lockett v. City of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020). California's statute of limitations is two years. *See id.*; Cal. Code Civ. P. § 355.1 (West 2003). Therefore, the statute of limitations period ran out on Milgrim's claims against Officer Garcia on April 27, 2019, more than two months before Milgrim filed the third amended complaint.

Milgrim contends that his claims against Officer Garcia relate back to his

earlier and timely-filed complaints because, when he filed those complaints, he mistakenly believed that Officer Garcia was "James Quines." In California,[2] a complaint with a claim against a late-named defendant may relate back to an earlier-filed complaint if (1) the complaint states a cause of action against each Doe defendant; (2) it alleges that the plaintiff is ignorant of the Doe defendant's name; (3) the plaintiff is actually ignorant of the Doe defendant's name; and (4) the plaintiff amends the complaint accordingly upon discovering the Doe defendant's true name. *Fireman's Fund Ins. Co. v. Sparks Constr., Inc.*, 8 Cal. Rptr. 3d 446, 452 (Ct. App. 2004) (citations omitted); Cal. Code Civ. P. § 474 (West 1955).

There is no genuine dispute that Milgrim's timely-filed complaints failed to allege that he was ignorant of Officer Garcia's name or otherwise state a claim against Officer Garcia in all but name. Further, there is no genuine dispute that Milgrim actually knew Officer Garcia's name prior to the end of the limitations period, given that he admits he received a document from the Los Angeles Police Department in December 2017 that detailed Officer's Garcia's involvement in the underlying events. *See Fireman's Fund*, 8 Cal. Rptr. 3d at 452.

**AFFIRMED.**

---

[2] The district court applied California's relation-back rules, which Milgrim does not contest on appeal. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014) (state law of relation back governs when more lenient than the federal rules).