Filed 2/17/26  O'Brien v. Aston Carter CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAMETA O'BRIEN, | B340199 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23STCV18291) |
| v. | |
| ASTON CARTER, INC. et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel M. Crowley, Judge.  Reversed with directions.

Snell & Wilmer, Jason Yu, Jing (Jenny) Hua, Ava Freund and Drake Mirsch; Sheppard, Mullin, Richter & Hampton, Lucky Meinz, John D. Ellis and Lowell B. Ritter for Defendants and Appellants.

Moon Law Group, H. Scott Leviant, Kane Moon and Sandy Pham for Plaintiff and Respondent.

———————————

Defendants and appellants Aston Carter, Inc., One Medical Group, and 1Life Healthcare, Inc., appeal from an order denying a motion to compel arbitration in this action brought by plaintiff and respondent Dameta Afeni O'Brien under the Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.).[1] PAGA authorizes an "aggrieved employee" to sue for recovery of civil penalties for Labor Code violations on behalf of the employee "and other current or former employees." (§ 2699.).[2] The trial court denied the motion, concluding that O'Brien had not alleged a claim for relief on her own behalf (an "individual" PAGA claim), which would be subject to arbitration, but she still had standing to proceed solely on behalf of all other aggrieved employees (the "non-individual" PAGA claim). On appeal, the appellants contend the motion to compel arbitration should have been granted because O'Brien's PAGA action included an individual PAGA claim. We conclude the trial court erred in interpreting the complaint as alleging only a non-individual PAGA claim, and no dismissal of the individual PAGA claim has been entered. We reverse the order denying the motion to compel arbitration with directions.

---

[1] All further statutory references are to the Labor Code unless otherwise stated.

[2] The legislature amended section 2699, effective July 1, 2024. (§ 2699, subd. (v)(1), added by Stats. 2024, ch. 44, § 1.) Because O'Brien filed the operative complaint in January 2024, the former version of the statute applies in this matter, however, the language "and other current or former employees" is the same under both versions of the statute.

## FACTUAL AND PROCEDURAL BACKGROUND

Aston Carter is a temporary staffing company. 1Life entered into an agreement with Aston Carter for staffing services at 1Life and its affiliated companies, including One Medical. In May 2022, O'Brien signed an agreement to arbitrate all disputes regarding her employment with Aston Carter and its clients. The arbitration agreement stated that it was governed by the Federal Arbitration Act (FAA; 9 U.S.C § 1 et seq.) and, to the extent not inconsistent with or preempted by the FAA, by the laws of the state of California. Subsequently, O'Brien began work at One Medical. O'Brien worked as a member support specialist at One Medical from June 2022 to August 26, 2022.

In August 2023, O'Brien filed a class action complaint. On January 24, 2024, O'Brien filed the operative second amended complaint against the defendants alleging a single cause of action to recover civil penalties under PAGA based on Labor Code violations. The caption stated that O'Brien brought the action individually and on behalf of all others similarly situated. The complaint alleged, in pertinent part, "California has enacted the PAGA to permit an individual to bring an action on behalf of himself and on behalf of others for PAGA penalties only, which is the precise and sole nature of this action." "Aggrieved Employees" were defined as all California employees harmed by the defendants' practices, and O'Brien brought the action to recover penalties on behalf of "all Aggrieved Employees" and on behalf of the State of California.

On March 8, 2024, Aston Carter filed a motion to compel arbitration arguing that O'Brien's individual PAGA claim must

be sent to arbitration and the non-individual claim dismissed for lack of standing, or, alternatively, stayed.  On May 16, 2024, One Medical and 1Life filed a notice of joinder in the motion to compel arbitration.

On May 23, 2024, O'Brien opposed the motion, stating in pertinent part that "[t]o remove all doubt, Plaintiff declares that Plaintiff will forego seeking 'individual' PAGA penalties and seeks only to recover PAGA penalties on behalf of all other Aggrieved Employees (a 'non-individual['] PAGA claim) that worked for Defendant, and on behalf of the State of California.  In other words, Plaintiff will not be pursuing *redress* at this time for her individual wage and hour claims or 'individual' PAGA claim and will proceed in Court, on behalf of the State of California, to recover penalties from her 'non-individual' PAGA claim that is based solely upon conduct affecting other aggrieved employees.  Thus, there is no reason to stay the action and there will be nothing to compel to mediation."  O'Brien subsequently added, "In this instance, Plaintiff expressly declares without prejudice that 'individual' PAGA penalties will not be sought, thereby eliminating from this action any claim subject to any arbitration agreement."  In conclusion, O'Brien stated, "Plaintiff agrees to dismissal without prejudice of her 'individual' PAGA claim and proceed with only the 'non-individual' PAGA claim against Defendants in Court."

On May 30, 2024, Aston Carter filed a reply, as did One Medical and 1Life.  The defendants noted that O'Brien had not filed a dismissal of her individual PAGA claim or a declaration confirming that she was not seeking individual penalties or pursuing an individual PAGA claim.  They again asked the court

4

to order the individual PAGA claim to arbitration and to dismiss or stay the non-individual PAGA claim.

After a hearing on June 6, 2024, the trial court denied the motion to compel arbitration and the joinder. The court found a valid, enforceable arbitration agreement existed. After reviewing the allegations of the complaint, the court concluded O'Brien had not alleged an individual PAGA claim in the operative complaint, leaving nothing to send to arbitration and no claim for an arbitrator to resolve. Aston Carter filed a timely notice of appeal, as did One Medical and 1Life.

## DISCUSSION

### A.    Appealability and Standard of Review

An order denying a motion to compel arbitration is an appealable order. (Code Civ. Proc., § 1294, subd. (a); *Reyes v. Macy's, Inc.* (2011) 202 Cal.App.4th 1119, 1122.) When the trial court's denial of a motion to compel arbitration rests on questions of law, including questions of statutory interpretation and application of that law to undisputed facts, we review the ruling de novo. (*Kader v. Southern California Medical Center, Inc.* (2024) 99 Cal.App.5th 214, 221.)

### B.    Claims Alleged in the Complaint

The appellants contend O'Brien's complaint alleged both individual and non-individual PAGA claims, and the trial court should have ordered the individual PAGA claim to arbitration. They assert that if they had filed a dispositive motion to dismiss

5

the complaint because it failed to allege an individual PAGA claim, the motion would have been denied. We agree with the appellants' reading of the complaint, and we conclude the complaint has not been amended. As a result, the motion to compel arbitration must be granted.

### 1. **PAGA Generally**

The Legislature enacted PAGA in response to "widespread violations of the Labor Code and significant underenforcement of those laws." (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1116 (*Adolph*).) To address those problems, PAGA established new civil penalties for Labor Code violations and authorized individuals, acting as private attorneys general, to recover those penalties. (*Ibid.*) An "aggrieved employee" acting in place of the state Labor and Workforce Development Agency, may bring a civil action against an employer " 'on behalf of himself or herself and other current or former employees' to recover civil penalties for Labor Code violations they have sustained." (*Id.* at p. 1113, quoting former § 2699, subd. (a).)

Standing to bring a PAGA action requires the plaintiff to be an "aggrieved employee." (*Adolph*, *supra*, 14 Cal.5th at pp. 1116, 1120–1121; see § 2699, subds. (a), (c).) At the relevant time, PAGA defined an "aggrieved employee" as someone who was "employed by the alleged violator" and suffered "one or more of the alleged violations[.]" (Former § 2699, subd. (c); *Adolph*, at p. 1116.)

In *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, 662 (*Viking River*), the United States Supreme Court held that, with respect to an arbitration agreement governed by the

FAA, the FAA preempts California law by allowing division of a PAGA action into individual and non-individual PAGA claims. (*Viking River*, *supra*, 596 U.S. at p. 662.) The *Viking River* court further concluded that if a plaintiff's individual PAGA claims were compelled to arbitration, the plaintiff would no longer have standing to maintain non-individual PAGA claims, and the non-individual claims must be dismissed. (*Id.* at pp. 662–663.)

A year later, however, in *Adolph*, the California Supreme Court held that when an individual PAGA claim is compelled to arbitration under an agreement subject to the FAA, the plaintiff continues to be an aggrieved employee with standing to pursue non-individual PAGA claims in court on behalf of other employees. (*Adolph*, *supra*, 14 Cal.5th at pp. 1114, 1120–1121.) *Adolph* did not decide whether a plaintiff may waive individual PAGA claims and proceed solely on non-individual PAGA claims. (See *id.*, at p. 1125 ["PAGA was designed to authorize aggrieved employees to pursue enforcement actions on behalf of themselves and their current and former coworkers"]).

## 2. **The Complaint**

We disagree with the trial court's interpretation of the operative complaint. Based on our review, the complaint alleges both individual and non-individual PAGA claims. The caption states that O'Brien is bringing the action individually and on behalf of all others similarly situated. The allegations of the complaint explain that PAGA allows an individual to bring an action on behalf of the individual and on behalf of others, which, collectively, was the sole nature of the action. And the complaint seeks to recover penalties on behalf of all aggrieved employees,

7

without excepting O'Brien. Based solely on the allegations of the complaint, the motion to compel arbitration of O'Brien's individual PAGA claim must be granted.

### 3. Request for Dismissal of Individual PAGA Claim

Because the trial court concluded that the complaint did not contain an individual PAGA claim, the court did not address the statements in O'Brien's opposition pleading. The appellants contend that any request for dismissal in O'Brien's opposition pleading was ineffective because the pleading was not accompanied by a declaration or a formal request for dismissal.

A plaintiff may dismiss the complaint, or any cause of action asserted in the complaint, in its entirety, with or without prejudice prior to the actual commencement of trial. (Code Civ. Proc., § 581, subd. (c).) An action may be dismissed with or without prejudice upon the written request of the plaintiff to the clerk, or "by oral or written request to the court at any time before the actual commencement of trial[.]" (Code Civ. Proc., § 581, subd. (b)(1).)

O'Brien's statements in her opposition pleading were ambiguous. On one hand, she declared that she would not seek "individual" PAGA penalties and would not pursue her individual PAGA claim "at this time," and she "declares without prejudice" that individual PAGA penalties will not be sought, but then elsewhere, she "agreed" to dismissal without prejudice of her individual PAGA claim. It is not clear from the statements in the opposition pleading that O'Brien is requesting dismissal of her individual PAGA claim.

Even if the opposition pleading were interpreted as a request for dismissal of O'Brien's individual PAGA claim, the trial court has not entered an order dismissing the claim from the complaint.  (*Holland v. Morgan & Peacock Properties Co.* (1959) 168 Cal.App.2d 212, 213–214 [request for dismissal in open court, "and order thereon," as effective as written request for dismissal]; *Richards & Knox v. Bradley* (1900) 129 Cal. 670, 672.)

O'Brien's complaint alleges an individual PAGA claim and no dismissal of the individual PAGA claim has been entered, and therefore, the trial court erred by denying the motion to compel arbitration.

## DISPOSITION

The order denying the motion to compel arbitration is reversed.  The trial court is directed to enter a new and different order granting the motion to compel arbitration of the individual PAGA claim.  Appellants Aston Carter, Inc., One Medical Group, Inc., and 1Life Healthcare, Inc., are awarded their costs on appeal.

NOT TO BE PUBLISHED.

MOOR, J.

WE CONCUR:

BAKER, Acting P. J.          KIM (D.), J.

9